[S. F. No. 1670.    Department One.—February 4, 1901.]

## CHARLES CARPY, Respondent, v. JAMES DOWDELL et al., Appellants.

FORECLOSURE OF CHATTEL MORTGAGES—DECISION UPON FORMER APPEAL—ESTOPPEL.—The decision upon the former appeal of this case (115 Cal. 677) upon the question of estoppel only involved the estoppel of the plaintiff to foreclose the chattel mortgages sued upon, as respects a quantity of mortgaged wire, sold for the account of the mortgagors with the consent of the mortgagee, and does not preclude the foreclosure of the chattel mortgages as to other property included therein and not involved in the decision upon the former appeal.

ID.—NOVATION—SALE CONSENTED TO BY MORTGAGEE—PAYMENTS TO ACCOUNT OF MORTGAGORS.—A sale by the mortgagors of part of the mortgaged property, consented to by the mortgagee, with a provision that payments were to be made by the purchasers to the mortgagee for account of the mortgagors, does not show a novation, involving a release of the mortgage debt, where there was no proof of an agreement or intent to release it, or to extinguish the obligation of the mortgagors, and to look alone to the purchasers for payment.

ID.—INCONSISTENCY IN FINDINGS.—The mere presence of an inconsistency in findings, in relation to property not included in the decree of foreclosure, does not constitute reversible error.

ID.—DECREE OF FORECLOSURE—DESCRIPTION OF PROPERTY—PRESUMPTION UPON APPEAL.—When the description of the property included in the decree of foreclosure coincides with the description found in the chattel mortgages, the decree will be presumed to be correct upon appeal, in the absence of a bill of exceptions or any showing to the contrary.

APPEAL from a judgment of the Superior Court of Napa County. E. D. Ham, Judge.

The facts are stated in the opinion of the court and in the decision rendered in the same case upon the former appeal. (*Carpy v. Dowdell*, 115 Cal. 677.)

Rodgers & Paterson, and F. E. Johnston, for Appellants.

Bigelow & Titus, for Respondent.

GAROUTTE, J.—This case has been before the court in the past. (*Carpy v. Dowdell*, 115 Cal. 677.) The facts involved in the litigation are set out in detail in the decision rendered at that time, and we will now only state those which are necessary to a consideration of the questions presented upon this appeal. Defendants are appealing from a judgment of foreclosure rendered against them upon two certain notes and chattel mortgages. Plaintiff, as assignee of the notes and mortgages from the Bank of St. Helena, brings this action of foreclosure.

It is first contended that the findings are substantially the same as those upon the previous appeal, and that by the decision rendered upon that appeal it was held that plaintiff was estopped from bringing the action. By that decision it was held: 1. That the acts of the cashier of the bank were the acts of the bank; and 2. That this plaintiff, the assignee of the bank, stood in its shoes. But it was not held that an estoppel existed which barred the prosecution of this action for every part of the mortgaged property.

The salient facts important here are these: Defendants sold three hundred and sixty-eight thousand gallons of wine to Chevalier & Co., to be delivered in fifty thousand gallon installments, the purchase price to be paid as the wine was delivered. The Bank of St. Helena held chattel mortgages upon defendants' personal property, which included this wine, other wine, manufacturing plant, etc. The sale by defendants to Chevalier & Co. was evidenced by an instrument in writing which the bank prepared, and at the bank's suggestion and request, and with the consent of both parties to the contract, the following clause was inserted in that writing: "All payments on said wines to be made to the Bank of St. Helena for our account, the cashier of said bank to receipt for the same."

As suggested, the substance of the decision upon the first appeal as to the question of estoppel is a contested matter here. And while isolated excerpts may be taken from that decision tending to show that a complete estoppel upon the entire cause of action stood against plaintiff, yet if the decision as a whole is considered, it is plain that such a holding was never contemplated or intended by the court. In the absence of language in the opinion pointing directly to a declaration of that character, we will not so hold now, for the reasoning by the court at that time does not demand it, and neither the facts of the case nor general principles of law justify a conclusion that such is the law. The reasonable and fair construction of the decision, therefore, is that the estoppel only involved the three hundred and sixty-eight thousand gallons of wine. When the cause went back for a second trial plaintiff was free to litigate his rights as to the balance of the property covered by the mortgages.

It is contended that "the contract between the defendants and Chevalier & Co., consented to by the bank, was a complete novation by which the new obligation of Chevalier & Co. to pay these moneys to the bank, to be credited by the bank to the account of the defendants, was substituted for the original obligation of the defendants to the bank." Under section 1531 of the Civil Code a novation in this case could only take place: "1. By the substitution of a new obligation between the same parties with intent to extinguish the old obligation; 2. By the substitution of a new debtor in place of the old one with intent to release the latter." There is no question here of the substitution of a new obligation between the bank and these defendants. Hence, the principle found in subdivision 1 of the aforesaid section cannot be invoked. We deem it equally clear that Chevalier & Co. was not substituted as a new debtor in place of these defendants with intent to release them. The findings in this case neither justify the conclusion that the parties intended to substitute a new debtor nor to extinguish the old obligation. The agreement of Chevalier & Co. to pay these moneys, the various installments of the purchase price of the wine, to the bank for the account of defendants has none of the essentials of a novation as demanded by the aforesaid sec-

CXXXI. Cal.—32

tion of the Civil Code. Even conceding this covenant of the contract to be so broad that under it the bank was authorized to credit the payments thus made by Chevalier & Co. upon defendants' notes, still that fact alone does not fill the measure furnished by the statute. We cannot find an intimation in the contract that the bank intended to release defendants from the notes and mortgages and look to Chevalier & Co. alone for the money due upon them, and the contract has no such legal effect. An intent upon the part of the bank to release these defendants from their original obligations is a vital element going to make up a novation in this case. That intent is lacking, and for this reason alone the claim of novation must fail.

Even conceding the finding of fact made by the trial court to the effect that the bank, under the Chevalier transaction did not release any of the mortgaged property from the effect of the mortgages, may be inconsistent with some other finding, still the mere presence of an inconsistency in findings does not constitute reversible error. The Chevalier wine was not included in the decree of foreclosure. Hence, appellant has no cause to complain, looking at the case from that standpoint. There being neither an estoppel against plaintiff's prosecution of this action as to the remainder of the mortgaged property, nor a novation as to the original obligations held by the bank, this finding of which complaint is made cuts no figure in the case.

The description of the property included in the decree of foreclosure coincides with the description found in the instruments of mortgage, and in the absence of some showing to the contrary, this being an appeal from the judgment without a bill of exceptions, the decree will be presumed to be correct.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.