[Civ. No. 4902.  Second Appellate District, Division Two.—April 6, 1928.]

LYMAN D. TOOGOOD et al., Appellants, v. FRANK MACK et al., Respondents.

Spicer, Meacham & Mason and Bruce Mason for Appellants.

A. J. Bledsoe and Eugene Tincher for Respondent.

VALENTINE, J., *pro tem.*—This was an action for rescission of contract and for money had and received. The court granted a nonsuit as to both defendants. In appellants' reply brief counsel state that appellants are willing that the judgment of the court below as to the respondent Mary Elizabeth Hedges as executrix of the estate of Abraham Dayton Hedges, deceased, be affirmed.

This leaves for consideration only the pending appeal against defendant and respondent Frank Mack, and the sole question on that appeal is whether or not there was a novation effected by the assignment of the agreement which provided for the delivery of certain shares of stock by Mack to Hedges. Appellants state that respondent's contention as to novation goes to the heart of the question, and "if there was a novation then appellants have no cause against respondent." And further state: "We agree that if there is a novation then the obligations of Mack are dead beyond recall, but we contend there was no novation."

The assignment to Hedges, his acceptance, and an acceptance by appellants, are as follows:

"October 11, 1921.

"I hereby transfer and assign all my interest in the foregoing contract for a valuable consideration, to A. D. Hedges of Long Beach, California.

"FRANK MACK. (Seal)"

"October 11, 1921.

"I hereby accept the assignment of the foregoing contract from Frank Mack to me, and I hereby agree to carry out its terms.

"A. D. HEDGES. (Seal)"

"October 11, 1921.

"We, the undersigned, hereby agree to and do accept the assignment of the foregoing contract by Frank Mack to A. D. Hedges, and we hereby agree that the said A. D. Hedges shall be substituted for said Frank Mack in carrying out the terms of said contract.

"LYMAN D. TOOGOOD.   (Seal)
"BERTHA E. TOOGOOD.   (Seal)"

Appellants' contention is that there was a substitution but no novation because no intent to release Mack was shown, and they cite section 1531 of the Civil Code, *Carpy v. Dowdell*, 131 Cal. 495 [63 Pac. 778], and other authorities, in support of the proposition that the intent to release is an essential element of novation. Under this rule, however, we think the evidence shows such intention. It is true that there are conflicting statements in the evidence of Mr. and Mrs. Toogood on this point, but the finding of the trial court on this conflicting evidence cannot be disturbed and considering this in connection with the other evidence, including the written acceptance quoted above, we think the conclusion of the trial court that there had been a novation was correct. This being the only question we are asked to decide, other points originally made by appellants do not require consideration.

Judgment affirmed as to both defendants.

Works, P. J., and Craig, J., concurred.