[Civ. No. 8767. First Appellate District, Division One.—May 23, 1933.]

THIRD AND BROADWAY BUILDING COMPANY et al., Respondents, v. SOUTHERN CALIFORNIA EDISON COMPANY (a Corporation), Appellant.

Roy V. Reppy, E. W. Cunningham and Gail C. Larkin for Appellant.

Frank James, Henry Herzbrun and Everett H. Mills for Respondents.

THE COURT.—This action was brought to recover additional rent under a lease executed to defendant by the Stability Building Company and assigned by it to plaintiff Third and Broadway Building Company. Judgment was rendered for plaintiffs and from this judgment defendant appeals.

The complaint alleges that on the twelfth day of September, 1916, C. D. Stimson and Fred S. Stimson Company leased to the Stability Building Company the lot therein described for a period of 99 years, providing for the construction upon said lot of an eleven-story office, store and theater building by the said Stability Building Company at its own cost. A part of the cost of the construction and equipment the Southern California Edison Company subsequently agreed to pay. It further alleges that on January 20, 1918, the Stability Building Company executed a sublease to the Edison company for said building (excepting therefrom rooms 1, 3, 10 and 40 and a part of the basement), for the term of fifteen years, commencing May 1, 1918. The lease provided, among other things, that the lessor should pay all taxes and assessments levied or assessed against the leased premises, provided that the lessee should repay, as additional rent, to the lessor that proportion of the tax on said building and equipment that the amount paid by the lessee toward the cost of the said build-

ing bears to the total cost thereof. The complaint further alleges that the building was completed at a total cost of $802,267.25 and that the Edison company, as lessee, contributed toward the construction thereof $141,089.96; that respondent Third and Broadway Building Company paid the taxes assessed against said building and equipment for the years 1926, 1927, 1928 and 1929. The percentage of said taxes which appellant agreed to pay amounts to $12,120.43. It is further alleged that on July 2, 1925, the Third and Broadway Building Company executed to the Citizens National Trust and Savings Bank under the name of the Citizens Trust and Savings Bank its bonds to the amount of $650,000 and secured same by a deed of trust on said leasehold; that prior to the commencement of this action plaintiffs demanded payment of the said additional rent from defendant, but that payment was refused.

The appellant answered, denying any liability to respondents, and interposed the following defenses: First: Lack of consideration. Second: Discharge of the obligation to pay additional rent by an alleged supplemental lease and by virtue of an alleged novation agreement. Third: Mutual mistake of the parties. Fourth and Fifth: Waiver of the additional rent by acceptance of the fixed rent. Appellant also filed an amended cross-complaint in which it sought reformation of the lease because of the mutual mistake. For its second cause of action it alleged that from the year 1925 to the year 1931 appellant had been engaged in the business of transmitting and selling electricity as a public utility and had used the said property mentioned in the lease continuously and exclusively in said business; that the state board of equalization assessed all of its property, including the property involved in this case, during each of the five years aforesaid and that taxes so assessed thereon were paid by appellant during each of the said five years; that the taxes upon the property named in the lease amounted, during the said five years, to the sum of $64,604.60, for which appellant asks judgment.

Respondent demurred to the second cause of action of the cross-complaint upon the ground that it did not state sufficient facts to constitute a cause of action, and the demurrer was sustained without leave to amend.

At the date of the execution of the sublease by the Stability Building Company to appellant in 1918, the building was nearing completion. Appellant desired to have certain alterations and additions made therein and thereto to suit the requirements of its utility business. It was thereupon provided in said lease that appellant would pay the cost of the said alterations and additions and as consideration therefor appellant should repay to the Stability company the proportion of the taxes assessed against the building and equipment that the amount paid by appellant toward the completion of said building bore toward the total cost thereof.

Many of the facts are stipulated, among which are the following: The execution of the lease by the Stimson company to the Stability company; the execution of the sublease by the Stability company to appellant; that appellant entered into possession of the leased premises in 1918, has occupied same from that date to the present time exclusively as a public utility; that on June 24, 1925, the Stability company assigned to respondent, Third and Broadway Building Company, the said lease and sublease; that on July 2, 1925, the said Third and Broadway Building Company executed to the Citizens Trust and Savings Bank its deed of trust covering the said sublease; that the taxes claimed to have been levied and assessed for the five-year period amount to the sum of $73,815.04.

Appellant claims that the said taxes were not properly or legally assessed in excess of thirty per cent of the said amount for the respective years; that the amount of the additional rental for the said five years claimed by respondents is $12,981.11; that demand for payment of said additional rental was made on October 18, 1928, but that appellant refuses to pay same; that prior to said last-named date no demand was ever made upon appellant by respondents for payment of said additional rental; that appellant has at all times paid all taxes due the state of California on its operative properties and properties not owned by it but leased by it and used in the operation of its said business, but respondents claim that none of said taxes were paid on the demised premises. Appellant contends that the court erred in sustaining the demurrer to the second cause of action set up in the cross-complaint.

■ The lease provides in paragraph 15 that the lessor shall pay any taxes or assessments heretofore or hereafter levied or assessed against the demised premises or against the interest of the owner or owners thereof, which may be levied against the lessor by reason of any state or federal income, inheritance or personal tax or other tax of like nature. It is apparent from this language that the taxes which it was intended the lessor should pay were the *ad valorem* taxes assessed by the city and county against the building and equipment. The said taxes were taxes assessed against the entire building and equipment and not merely against that portion occupied by appellant as a public utility. The lease provided that the lessor should pay any taxes assessed and levied upon the building and equipment that are assessed against the lessor. Under these circumstances, to say that respondents should pay the utility tax imposed upon appellant by the state would be to inject into said lease an obligation upon the lessor for which no provision is made. We are therefore of the opinion that there was no error committed in sustaining the demurrer to said second cause of action without leave to amend.

■ Appellant next contends that a novation was created by the instrument executed on August 28, 1925, by the Third and Broadway Building Company as first party, and the appellant and the Stability Building Company as parties of the second and third parts respectively, wherein it provides that at the request of first and third parties the second party accepts the first party in place of the third party under the lease, and that first party accepts the substitution and assumes all of the obligations of the third party therein; that second and third parties represent that all rentals under the sublease of June 20, 1918, have been paid in full up to the first day of October, 1925, and no further, and that all accounts between them arising out of said sublease have been paid and discharged; that as a consequence of this novation the original contract between the Stability company and the appellant was extinguished, and that consequently respondents' right to enforce the provisions of paragraph 15 of the lease relating to additional rent was nullified. In support of this contention appellant cites *Toogood* v. *Mack*, 90 Cal. App. 673 [266 Pac. 375], and other cases of similar nature, but

none of these cases are in point for the reason that they are cases where the debtors were released by consent of the original creditors. By section 1531, subdivision 3, of the Civil Code, a novation is made by the substitution of a new creditor in place of the old one, with intent to transfer the rights of the latter to the former. As the Stability company had assigned the lease to respondent on June 24, 1925, and had thereby vested respondent with all of its rights and obligations thereunder, there was no necessity for the execution of this instrument except for the sole purpose of showing that appellant had paid to the Stability company all rents accruing thereon up to October 1, 1925. We find this contention to be without merit.

■ The next contention of appellant is that at all times named in the complaint it has been engaged in business as a public utility and has used and occupied the building and equipment solely in its said business, and that it has paid to the state all taxes assessed against it as such public utility, including its said leasehold. Section 14 of article XIII of the Constitution provides that companies engaged in the transmission or sale of gas or electricity shall annually pay to the state a tax upon their franchises, poles, wires, pipes, conduits, rights of way and other property used exclusively in the operation of their business, and such taxes shall be in lieu of all other taxes. Section 3664a of the Political Code provides that all such taxes shall be in lieu of all other taxes, state, county and municipal, upon said property, said tax to be equal to seven and one-half per cent of its gross receipts.

In the recent decision of the Supreme Court in the case of *Morgan Adams, Inc.,* v. *County of Los Angeles,* 209 Cal. 696 [289 Pac. 811, 814], it was held that real property leased to a public utility and which is used by the latter exclusively for office quarters for its various departments is not subject to local taxation, but is exempt therefrom under the said constitutional provision. (*Hopkins* v. *Southern California Telephone Co.,* 275 U. S. 393 [48 Sup. Ct. 180, 72 L. Ed. 329].)

It is true, according to the stipulation of the parties, that during the whole of the said five-year period both the Third and Broadway Building Company and appellant paid the taxes on that part of said building and equipment

subleased to appellant and occupied by it as a public utility, but as was said in *Morgan Adams, Inc.*, v. *County of Los Angeles, supra:* "We cannot accord weight to the argument advanced that the owner of the property and not the utility pays the tax; therefore, the utility is not concerned with the question of whether there is double taxation."

Appellant's contract was to pay as additional rent a proportion of the taxes assessed against the lessor upon the building and equipment, that is to say, legally assessed against the lessor, for if the assessment against the lessor was void then in that event the lessor stood in relation to said void assessment as though no tax had been assessed. If as a matter of fact no taxes were legally assessed against the lessor upon that portion of the building and equipment occupied by appellant as a public utility, then no right of action accrued to the lessor for additional rent as to that portion. It was held in *Great Western Power Co.* v. *City of Oakland,* 189 Cal. 649–658 [209 Pac. 553], that the assessment of taxes by the county assessor upon a public utility was utterly void.

It appears from the evidence that seventy per cent of the building was occupied by appellant as a public utility. It was stipulated that the sum of $73,815.04 was assessed by the county assessor against the Third and Broadway Building Company upon the building and equipment for the five-year period, and that this tax was paid by the said Third and Broadway Building Company. The trial court found that the percentage of said taxes that appellant should have paid as additional rental was the sum of $12,120.43. No taxes having been legally assessed upon that portion of the building and equipment occupied and used by appellant as a public utility, no cause of action exists in favor of respondents for additional rental for the said portion of the building and equipment.

■ Appellant further contends that by mutual mistake of the parties paragraph 15 of the said sublease does not express the agreement of the parties, but the court found upon a conflict of evidence that the said paragraph is, in language and intent, actually as agreed upon by said parties.

■ Appellant also claims that by acceptance of a stated amount of rent over the period of three years, during which no claim was made by respondents for the said additional

rent, they have waived their claim to it. The trial court also found that there had been no waiver. There was evidence to support this finding.

We are of the opinion that respondents' claim for additional rent can only extend to the thirty per cent of said building and equipment that was not occupied and used by appellant as a public utility. Therefore the judgment is reduced to the sum of $4,358.72. As so modified the judgment is affirmed, appellant to recover costs of appeal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 22, 1933, and applications by appellant and respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 21, 1933.