[Civ. No. 2984.   Fourth Dist.   Dec. 17, 1942.]

UNIVERSITY OF REDLANDS (a Corporation), Respondent, v. H. H. FORD, JR., as Executor, etc., Appellant.

U. F. Lewis and Harry H. Parsons for Appellant.

Robert Mack Light for Respondent.

MARKS, J.—This is an appeal from a judgment in an action for declaratory relief directing defendant, as executor, to allow a claim against the estate of Harry H. Ford, deceased.

On June 1, 1935, Harry H. Ford, now deceased, and Sallie L. Ford, his wife, executed a promissory note for $40,000, payable to plaintiff and due three years after date. This note was secured by a deed of trust on real and personal property which was duly recorded.

Under date of January 4, 1939, the parties executed a contract extending the term for the payment of the debt. It provided that the principal be paid in monthly instalments of $250 each, commencing on February 15, 1939. This agreement was recorded.

Harry H. Ford died and H. H. Ford, Jr., was appointed executor of his last will. On April 4, 1941, plaintiff presented its claim against the estate to the executor who rejected it. This action followed.

The answer of defendant denied the material allegations of the complaint for lack of information and belief. It alleged that in May, 1939, Harry H. Ford and Sallie L. Ford had sold the security to Walter Kreiger and Augusta Kreiger, subject to the lien of the deed of trust, and attempted to plead a novation without alleging any agreement with plaintiff to release Mr. and Mrs. Ford from their obligation and that the promise of Mr. and Mrs. Kreiger be substituted therefor.

No evidence was taken in the trial court, the parties stipulating to all facts necessary to support the judgment in favor of plaintiff, leaving only questions of law which defendant argues here.

In order to complete a novation successfully by the substitution of one debtor for another, the creditor must consent to it. (*Carpy* v. *Dowdell,* 131 Cal. 495 [63 P. 778].) The acceptance of payments from the new owner does not amount to a contract to release the original debtor. (*Voss* v. *Levi,* 33 Cal.App. 671 [166 P. 359].) Here novation was neither properly pleaded nor was it proved.

Claims against estates, including secured debts, must be presented if the creditors seek to collect the debts, or any

part of them, from the estate. This includes claims not due. (§§ 705, 706, 711, 714 and 716, Prob. Code.)

Defendant argues that where a claim is not due and it is properly presented but is rejected by the executor an action in declaratory relief will not lie to determine the controversy and compel the executor to approve the claim. It has been held that the creditor may resort to a suit in equity under those circumstances. (*Newman* v. *Burwell*, 216 Cal. 608 [15 P.2d 511]; *Dabney* v. *Dabney*, 9 Cal.App.2d 665 [51 P.2d 108]; *Joost* v. *Castel*, 33 Cal.App.2d 138 [91 P.2d 172].)

We have reviewed the other contentions made by defendant and they are without merit.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.