[No. 14183.    Department Two. — November 18, 1891.]

## MARTIN BYRUM, Respondent, v. THE STOCKTON COMBINED HARVESTER AND AGRICULTURAL WORKS, Appellant.

Venue of Action — Breach of Contract of Guaranty — Corporation — Principal Place of Business — Doing Business in County of Suit. — A corporation which is a defendant in an action to recover damages for a breach of a contract of guaranty is entitled to a change of venue to the county where it has its principal place of business, although it does business in the county where the action is brought, if the contract was not made or was not to have been performed in the latter county.

Id. — Place of Breach of Contract — Presumption — Place of Delivery of Guaranteed Machine. — Where a sale of a harvesting machine which was guaranteed by the defendant corporation to perform good and satisfactory work, and to harvest the plaintiff's grain in the county of his residence at greatly reduced expense, was made at the principal place of business of the corporation, in another county, it will be presumed that the machine was delivered at the latter place, if the contrary does not appear; and if the machine was inadequate and unadapted to perform according to the guaranty, the breach of the guaranty was committed at the time and place of sale and delivery, and not upon the failure of the machine to perform the work in the county of the plaintiff's residence.

Id. — Pleading — Erroneous Conclusion of Law. — A complaint averring that the contract of guaranty was broken by the defendant corporation in the county where suit is brought, and when the machine failed to perform according to the guaranty, states merely an erroneous conclusion of law, and such averment cannot countervail the legal effect of the facts that the machine was sold and delivered in the county where the corporation had its principal place of business.

Appeal from an order of the Superior Court of Stanislaus County refusing to grant a change of venue.

The facts are stated in the opinion.

*W. L. Dudley*, for Appellant.

*L. J. Maddux*, and *W. E. Turner*, for Respondent.

Temple, C. — Appeal from an order refusing a change of venue. The plaintiff resides in Stanislaus County, where the action was brought, and is a farmer. He purchased from defendant a Shippee combined harvester, which, as he avers, defendant guaranteed would do good and satisfactory work, but which wholly failed to perform as guaranteed, by reason whereof he was damaged.

Defendant moved for a change of venue to San Joaquin County, upon an affidavit showing that the principal place of business of defendant is in Stockton, San Joaquin County, and that the contract sued upon was made at defendant's said principal place of business, also that the breach of said contract, if any, did not occur in Stanislaus County. There was also an affidavit of merit.

On the hearing of the motion, the plaintiff read in answer only his verified complaint.

It is there averred that defendant is doing business in the state of California, and among other counties, in the county of Stanislaus; that, among other things, the business of the corporation was to manufacture and sell a certain kind of machinery known as the Shippee combined harvester, with Shippee and Grattan improvements.

A contract is set out whereby defendant sold a machine to plaintiff, with a guaranty as to performance, to wit: that said harvester would do and perform good and satisfactory work in the harvesting, cutting, and saving of grain, and would harvest plaintiff's grain in Stanislaus County at a greatly reduced expense, etc.

It is shown that, relying upon the representations and guaranty, he purchased the machine, took it to his farm, in Stanislaus County, where it wholly failed to perform; that the failure was owing wholly to the faulty manufacture and construction of said machine; "that this action is brought to recover damages sustained by plaintiff, growing out of the breach of contract of defendant as aforesaid; and that said breach occurred in the county of Stanislaus, and the liability of defendant thereon occurred in said county."

The complaint does not state where the contract was made or was to have been performed. The affidavit of defendant states that the contract was made in the county of San Joaquin, where the principal place of business of the corporation is.

It is quite immaterial whether the corporation did business in Stanislaus County, if this contract was not

made or was not to have been performed there. The affidavit of the moving party is positive to the effect that the contract, the breach of which is the subject of the action, was made in San Joaquin County. This fact is not controverted in the complaint, but it is there stated that the breach occurred in Stanislaus County. This is, however, a mere legal conclusion, probably drawn by the pleader from the fact that the failure of the machine to perform was in that county. It is merely an erroneous opinion. It is not stated on either side where the machine was delivered to plaintiff, but as the sale was at Stockton, defendant's principal place of business, the presumption is, that it was delivered there. If the machine was as charged, wholly inadequate and unadapted to perform according to the guaranty, the breach was there and then, and not when it failed to perform on plaintiff's farm, in Stanislaus.

The order appealed from should therefore be reversed, and defendant's motion to change the place of trial should be granted.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is reversed, and defendant's motion to change the place of trial is granted.