[Civ. No. 1233. Fourth Appellate District.—May 31, 1933.]

E. ALLEN ABBOTT et al., Appellants, v. PEOPLES NATIONAL FIRE INSURANCE COMPANY OF DELAWARE (a Corporation) et al., Respondents.

J. A. Chase, *in pro. per.*, for Appellants.

Percy V. Long, Bert W. Levit, William H. Levit and Carlyle Miller for Respondents.

ANDREWS, J., *pro tem.*—This suit was started in Tulare County. One cause of action is upon a draft, and a second cause of action was for damages arising from a conspiracy between certain defendants to prevent delivery of the draft. Defendants moved for change of venue to the county where they reside.

(1) As to the first cause of action, the draft shows on its face that it was drawn and payable outside of Tulare County and that the indorsement by payee was only an intermediate act, so defendants' affidavits that it was not made nor to be performed, and that no breach occurred in Tulare County, were not conclusions, and, because suit was upon the draft as a writing obligatory, and not upon the policy out of which it arose, the order of transfer was justified.

(2) The affidavits of defendants as related to the second cause of action in stating that the conspiracy did not take place in Tulare County were not open to objection as conclusions, but the allegations that no obligation or liability or damage arose in Tulare County are conclusions and fail to set forth the evidentiary facts. Damages for tort of the kind here attempted to be recovered would arise at the place of residence of plaintiff and no order of transfer could be based on this cause of action. However, if one cause of action entitled defendants to a transfer, joining another cause which did not justify a transfer would not prevent the transfer.

(3) A question is presented as to whether the first cause states a cause of action. The draft was drawn by an agent on its principal as a step in the adjustment of loss under a policy of insurance not intended to create a liability against the agent but when accepted to complete the settlement and make the draft import liability. There is no allegation that it was accepted. It might be that by amendment this cause could be converted into an action on the policy for the loss, in which case the change of venue would not be proper. Attention is given with reluctance to this point as counsel have had no opportunity to be heard.

If no cause of action is stated in a suit, transfer to the residence of defendant would be made as of course, and dismissal would be made in the county where trans-

ferred. A court of review will not assume that plaintiff would ask to amend and that the trial court would permit amendment and that the cause of action would then be such as to prevent transfer and will make no order on such an assumption even to avoid the idle act of transfer and bringing a new suit. Amendment might be had in the court where transferred. Lapse of time might affect rights of action.

The order of the trial court is affirmed.

Barnard, P. J., and Jennings, J., concurred.