[L. A. No. 16631. In Bank.—February 28, 1939.]

C. LEON De ARYAN, Appellant, v. ROY O. AKERS, Respondent.

C. Leon De Aryan, *in pro. per.*, for Appellant.

Roy O. Akers, *in pro. per.*, for Respondent.

U. S. Webb, Attorney-General, and H. H. Linney and James J. Arditto, Deputies Attorney-General, as *Amici Curiae*, on Behalf of Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the defendant in an action to recover one cent, which had been paid by the plaintiff to the defendant pursuant to the Retail Sales Tax Act (Stats. 1933, p. 2599, as amended), and allegedly so paid under protest.

The defendant sold printing supplies, including cardboard, at retail, and was therefore a "retailer" as that term is

defined by the act. By the transaction the plaintiff purchased cardboard from the defendant for which the defendant charged him and for which he paid fifteen cents plus one cent on account of the sales tax requirement. At the time of the sale the plaintiff objected to the payment of the one cent added to and separately stated from the amount demanded by the defendant as the purchase price. The plaintiff contended that the "exaction" was illegal and void. A trial was had on the issues framed by the complaint and answer. The trial court rendered judgment for the defendant, from which the plaintiff appealed to the District Court of Appeal, which reversed the judgment (94 Cal. App. Dec. 432 [81 Pac. (2d) 1028]). In reversing the judgment the District Court of Appeal relied in part on the recent case of *National Ice & Cold Storage Co.* v. *Pacific Fruit Express Co.*, 11 Cal. (2d) 283 [79 Pac. (2d) 380]. A hearing was granted in this court because of what was deemed to have been a mistaken application of certain language appearing in our decision in that case. We shall restrict our consideration herein to the question of the alleged illegality of the tax. Our conclusion on that issue renders it unnecessary to discuss the questions whether the superior court had jurisdiction and whether the plaintiff was one who could "protest" the payment of such alleged tax.

The cases definitely establish that the Retail Sales Tax Act of California imposes an excise tax on the retailer and not on the consumer. They are referred to in *National Ice & Cold Storage Co.* v. *Pacific Fruit Express Co., supra,* and other decisions. (*Standard Oil Co. of California* v. *Johnson,* 10 Cal. (2d) 758 [76 Pac. (2d) 1184]; *Western Lithograph Co.* v. *State Board of Equalization,* 11 Cal. (2d) 156 [78 Pac. (2d) 731, 117 A. L. R. 838].) In view of those decisions the question is no longer an open one. The general provisions of the act are dealt with at length in those cases and need not here be repeated. Sections 8 and 8½ of the act is as follows:

"8. It shall be unlawful for any retailer to advertise or hold out or state to the public or to any customer, directly or indirectly, that the tax or any part thereof imposed by this act will be assumed or absorbed by the retailer or that it will not be added to the selling price of the property sold, or if added that it or any part thereof will be refunded. Any

person violating any of the provisions of this section shall be guilty of a misdemeanor.

"8½. The tax hereby imposed shall be collected by the retailer from the consumer in so far as the same can be done. This section is hereby declared to be separable and distinct from all other portions of this act, and shall not be deemed a consideration or inducement for the enactment of the whole or any portion of this act. If this section be for any reason declared invalid, the remainder of this act shall remain in full force and effect and shall be as completely operative as though this section had not been included herein."

By section 9 the state board of equalization is given power by regulation to provide "that the amount collected by the retailer from the consumer, in reimbursement of taxes imposed by this act, shall be displayed separately from the list advertised in the premises, marked or other price on the sales check or other proof of sale".

Pursuant to the power thus vested, the board adopted a scale of amounts to be charged the customer by the retailer on fractions of a dollar, beginning with fifteen cent purchases to which one cent should be added, and has promulgated regulations requiring that the amounts so to be added as reimbursement of the tax should be displayed and be separately stated from the retail list price.

The gist of the plaintiff's contention is that the addition by the defendant of one cent on a fifteen cent sale was excessive and contrary to the provisions of the act which impose a three per cent tax. He attempts to support his contention by the argument that the defendant was merely deputized by the act to collect the tax which is in fact a tax on the consumer. *Amici curiae* present the question whether the tax being on the retailer, may be "passed on" to the consumer pursuant to the provisions noted. They also argue the validity of the provisions of section 8, above quoted, as a lawful exercise of the police power. But inasmuch as the facts on the present record do not directly raise that question, we refrain from passing on it.

We need not dwell upon the question whether, were the tax on the consumer, the retailer could be designated to collect the tax and be made liable for its payment. That question is concluded for our purposes by the decisions in this state to the effect that the tax is imposed on the retailer,

and that the amount collected by him as reimbursement is added merely as part of the purchase price. (*Western Lithograph Co.* v. *State Board of Equalization, supra.*) The pertinent provisions of the act indicate that the legislature recognized the obvious economic necessity of the retailer's recoupment of the tax from sales, and that some such method as that adopted by it for reimbursement was also necessary if the small and independent tradesman was to remain in business. It also distinctly indicated, however, that the provision for the method of reimbursement should not disturb the relationship of sovereign and taxpayer created between the state and the retailer.

The enforcement of the provisions of the act, under the facts here presented, discloses no infringement upon the plaintiff's rights. When it is recognized that the amount separately stated is itself part of the purchase price, it cannot become of immediate legal concern to the plaintiff as the consumer that the defendant as the retailer, out of the purchase price perhaps pays to the state but four and one-half mills instead of the full one cent which was added to the list price.

Our conclusion is in harmony with the holding in the case of *National Ice & Cold Storage Co.* v. *Pacific Fruit Express Co., supra.* There the question was whether section 4 of the act contravened the constitutional rights of the consumer, whose contract for the purchase of goods from the retailer was entered into before the effective date of the act. Section 4 of the act provided that the tax could be collected by the retailer from the consumer in such case. Collection was permitted by the addition to the contract price of the percentage imposed as a tax. It was held that this was inconsistent with the structure of the act which contemplated imposition of the tax on the detailer, and it was concluded that the section was therefore in violation of the constitutional inhibition against legislative impairment of contract rights. That decision went no further than to hold that, on the facts there appearing, a retailer may not expect reimbursement of the tax as to sales under contracts made prior to the effective date of the act. Such holding was expressly "not intended to indicate the illegality of authority which may be lodged in a retailer to 'pass on' the tax to a purchaser with the latter's consent thereto, either expressly or

impliedly given. That sort of arrangement between interested parties in such a sale is not here involved.''

■ The language in that case did not preclude consideration of the questions here presented, and particularly the question whether the legislature may provide for a method of ''passing on'' the tax by the retailer. When properly understood, in connection with the other parts of the act, the provisions of sections 8½ and 9 here involved must be considered valid and enforceable. The words which we italicize in the first sentence of section 8½, viz., ''The tax hereby imposed shall be collected by the retailer from the consumer *in so far as the same can be done''*, must be deemed to indicate a reservation only in those cases where so to pursue the authority of reimbursement to the retailer would infringe the consumer's existing contractual or other constitutional rights. Otherwise his freedom to contract is not embarrassed nor impeded by the method of reimbursement as part of the purchase price. It must be conceded that the purchase price ultimately is necessarily the source from which payment of the tax must be made. The consumer still has the right to purchase or not at the asked price which includes the tax. Any quibbling between the parties, in an attempt to differentiate between the purchase price and the tax by reason of the separate statement of the amount intended as tax reimbursement, will not alter the fact that within the purview of the legislative enactment the aggregate of the list price and the amount of tax reimbursement constitutes the actual purchase price of the commodity. The pertinent provisions of the act, if not directly brought into question, were at least impliedly recognized as binding and effective in the other cases hereinbefore cited. In other jurisdictions it has been directly held that the burden of the tax may be ''passed on'' to the consumer by similar provisions. (*Doby* v. *State Tax Com.*, 234 Ala. 150 [174 So. 233]; *Long* v. *Roberts & Son,* 234 Ala. 570 [176 So. 213]; *City of Covington* v. *State Tax Com.*, 257 Ky. 84 [77 S. W. (2d) 386].) In *Doby* v. *State Tax Com., supra,* it was said of section 25, Alabama Acts 1936–1937, Ex. Sess., p. 125: ''This section, quite clearly, does not conflict with nor modify other portions of the act defining who is the taxpayer. The taxpayer, the seller, is charged with the mandatory duty to add the amount of the tax to his sales price, and to collect it from the purchaser along with the sales price. He has all the authority to collect this

added sum which he has to collect his sales price. The law intervenes and adds the amount of the sales tax which the seller must pay to the state to the price he must collect from the purchaser. It is collected to reimburse the seller for what he must pay the state. The ultimate burden of the tax is thus passed on to the customer. Such provision makes mandatory the trade practices, which usually obtain, directly or indirectly, as to the many forms of taxation. Few businesses perhaps could endure if the numerous tax burdens now imposed were not figured as part of the overhead or fixed charges in fixing prices.

"The mandatory provision in this section is for the benefit of the seller, but more particularly for the protection of all retailers charged with the payment of this tax. The lawmakers deemed it unfair competition for the strong to absorb the tax and build up his trade at the expense of the weaker dealer who could not absorb it. So the legal duty of the retailer, the taxpayer, is to pay the tax and also to collect a like amount from the purchaser. It is not a question of whether he should pay the tax, or, in the alternative, collect the tax for the state."

What has been said sufficiently disposes of all of the determinative questions raised on the appeal.

The judgment is affirmed.

Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

EDMONDS, J., Dissenting.—As I analyze the question presented in this case, the conclusions of my associates upon it are not, as their opinion states, "in harmony with the holding in the case of *National Ice & Cold Storage Co.* v. *Pacific Fruit Express Co., supra*". Nor can I agree that the former decision "went no further than to hold that, on the facts there appearing, a retailer may not expect reimbursement of the tax as to sales under contracts made prior to the effective date of the act".

In that case the plaintiff claimed that to require it to pay a tax measured by the amount of ice which it sold under a contract in force before the statute was enacted, impaired the obligation of that contract. This court held "that the existence of an executory contract between two or more individuals presents no obstacle to the right or power of the

state to levy or to impose a tax which may adversely affect the financial interests of either or any of the parties which may have been acquired under or by reason of the mutual covenants of such parties to the contract". But the court decided against the plaintiff on another ground, namely, that the "direction or mandate" of section 8½ of the Retail Sales Tax Act, *supra*, requiring a retailer to collect the tax from the consumer, "is violative of the due process clause of both the state and federal constitutions with reference to the fundamental right of ownership of property". Accordingly it affirmed a judgment requiring the plaintiff, as the seller, to pay the tax imposed.

The reason for this holding was stated by the court as follows: "As a legal deduction, it has been judicially declared that a tax constitutes a debt owed by the person upon whom such tax has been legally imposed; and aside from equitable considerations (which here are not involved), to baldly legislate that without, and in the absence of either due or any process of law, a legal debt that is owed by one person must be paid by another, is quite at variance with ordinary notions of that which may be termed the administration of justice. It therefore may be deemed concluded, that as far as may concern the particular or any other provision of the statute to which attention hereinbefore has been directed, which purports either directly or indirectly to authorize the retailer of 'tangible personal property' to collect from or to charge to the purchaser thereof the tax imposed upon its retailer 'for the privilege of selling' such property, is unconstitutional and consequently invalid." (Page 447.)

Although the courts of other jurisdictions may have construed the statutes before them in a different way, that opinion is as plain as words can make it. As I read it, the conclusions there stated are neither explained nor distinguished in the one written by my associates in the present case. Also, the former decision is exactly in accord with the determination reached in *Western Lithograph Co.* v. *State Board of Equalization*, 11 Cal. (2d) 156 [78 Pac. (2d) 731, 117 A. L. R. 838], where this court said: "The tax being a direct obligation of the retailer and, so far as the consumer is concerned, a part of the price paid for the goods and nothing else, it is neither in fact nor in effect laid upon the consumer.

It does not become a tax on the sale nor because of the sale, but remains an excise tax for the privilege of conducting a retail business measured by the gross receipts from sales.''

Nor may the present case be decided upon the ground that the purchaser either expressly or impliedly consented to the imposition of a tax, a situation which this court in the National Ice Company case said was not included within the issues there decided. The record here shows not only that the purchaser did not consent to the imposition of the tax but that he paid it under protest.

In my opinion, upon the principles applied in the former decisions of this court, the judgment in the present case should be reversed as ordered by the District Court of Appeal.

Houser, J., concurred.