[Civ. No. 7812. Third Dist. Sept. 18, 1950.]

ELMER D. CLARY, Respondent, v. BASALT ROCK COMPANY, INC. (a Corporation), Appellant.

Riggins, Rossi & King for Appellant.

C. A. Stromsness for Respondent.

VAN DYKE, J.—This appeal is from an order of the trial court denying a motion by defendant for a change of the place of trial. The action was begun in Tehama County Superior Court. The complaint alleges the corporate capacity of the sole defendant; the making of a written contract between plaintiff and defendant effecting a sale of a business and certain machinery and equipment used therein; that no provision was made in the agreement of sale relative to the payment of any state sales tax which might accrue to the state; that plaintiff, as seller, had been notified that there was due to the State of California a sales tax upon the sale of the equipment; that plaintiff had requested defendant to pay the tax which defendant had refused to do; that plaintiff had not paid the tax, and interest and penalties were accruing; that the tax should be paid by the defendant to plaintiff to be transmitted to the state. After referring to various provisions of the Sales Tax Act of this state, the complaint then alleges that there is an actual controversy between plaintiff and defendant as to liability to pay the tax assessed and judgment is prayed declar-

ing the rights and duties of the parties under the agreement relative to the payment of sales taxes and declaring that defendant should pay the same to plaintiff, together with penalties and interest accrued to be by plaintiff in turn paid to the state.

The defendant, Basalt Rock Company, Inc., a corporation, noticed a motion for change of place of trial and supported the same by an affidavit of its president. That officer averred the corporation's office and principal place of business at all times had been and still was in the county of Napa. He averred nothing further factually concerning the proper county for the trial of the action and his affidavit concluded with the usual statement of merits. An affidavit in opposition to the motion was filed for plaintiff declaring that the sales contract was to be performed in Tehama County and was completed and performed therein. The affidavit contained the conclusion that by reason of the foregoing the "obligation was incurred in said county . . . and the venue should be retained therein."

The principal place of business of appellant is in Napa County, which fact was established without dispute in the trial court, and therefore appellant was entitled to have the cause moved unless the action is upon a contract made or to be performed in Tehama County or unless an obligation or liability arose or a breach occurred in that county. (*Hammond* v. *Ocean Shore Dev. Co.*, 22 Cal.App. 167 [133 P. 978]; *Ward* v. *Great Western Power Co.*, 135 Cal.App. 687 [27 P.2d 937]; *Byrum* v. *Stockton Comb. Harv. & Agr. Works*, 91 Cal. 657 [27 P. 1093]; Cal. Const., art. XII, § 16.)

When appellant proved that its principal place of business was in Napa County the question arose whether or not the county of original venue was still the proper county. Appellant contends that it was not for the reason that no facts permitting it to be sued in Tehama County existed. With this contention we agree.

Respondent, while not stating the matter directly, assumes that when he sold machinery and equipment to appellant the transaction was taxable under the Sales Tax Act of this state. We make the same assumption. The essence of respondent's suit, therefore, based upon defendant's asserted obligation under the Sales Tax Act of this state, is to compel appellant to pay to respondent the amount of this tax. ■ So far as the State of California be concerned, it has and had no claim against appellant arising out of the sale. The State Sales

Tax Act ''contemplates the imposition of the fixed rate of the tax on the gross receipts, as defined by the act, and not on the individual sale of merchandise; . . . 'That in ultimate effect the fund out of which payment [of the tax] is made may be or in fact has been obtained by the dealer from his customers does not make the tax a levy upon the consumer.' . . . the act creates the relationship of sovereign power and taxpayer between the state and the retailer, and not between the state and the consumer. . . . The method of listing the price and the tax separately and defining taxable gross receipts as the amount received less the amount of the tax added, merely avoids payment by the retailer of a tax on the amount of the tax. Under such provisions the effect stated in the case last cited still obtains, namely, that 'the purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all,' and 'the amount added because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price . . . .' The tax being a direct obligation of the retailer and, so far as the consumer is concerned, a part of the price paid for the goods and nothing else, it is neither in fact nor in effect laid upon the consumer. It does not become a tax on the sale nor because of the sale, but remains an excise tax for the privilege of conducting a retail business measured by the gross receipts from sales.'' (*Western Lith. Co.* v. *State Bd. of Equalization*, 11 Cal.2d 156, 163 et seq. [78 P.2d 731, 117 A.L.R. 838].) The court further said in the cited case at page 162 of the reported opinion: ''In every case in which that question has arisen under the California Retail Sales Tax Act, the courts have uniformly and consistently recognized the legislative intent and adhered to the construction that the tax is upon the retailer and not upon the consumer.'' (See, also, *National Ice & Cold Stor. Co.* v. *Pacific Fruit Exp. Co.*, 11 Cal.2d 283, 287-288 [79 P.2d 380].)

It is true that the act provides, as the complaint alleges, that the taxes thereby imposed shall be collected by the retailer from the consumer insofar as it can be done; and that a retailer is forbidden to advertise or hold out or state that he will absorb the tax, or not add it to the purchase price or refund it if added. (See Rev. & Tax. Code, §§ 6052, 6053.) But these provisions give the retailer no right of action against the consumer unless the consumer has agreed to pay the tax as a part of the price and has failed to do so, thus in part failing to pay the agreed price. We think that when a retailer

and a consumer have agreed upon a price, saying nothing of a sales tax, no implied obligation arises on the consumer's part to pay a tax in addition thereto. The question of what, if any, addition for taxes shall be a part of the sale price is a matter to be agreed upon when the whole price is fixed. When that price is fixed and the consumer agrees to pay it "to get the goods" the retailer can no longer have any demand upon him because he may not in fact have passed to the consumer the resultant sales tax. In *Roth Drug, Inc.* v. *Johnson,* 13 Cal.App.2d 720, 736 [57 P.2d 1022], it was held that the section of the Sales Tax Act we are now considering "merely authorizes the retail merchant to reimburse himself from the consumer in so far as it may be consistently done. He is not required to do so. He may waive that right."

 Turning now to the transaction which respondent by his complaint alleges had occurred between himself and the appellant corporation, we find a direct allegation that when the bargain was made no provision was made for the payment by appellant of any sum referable to the sales tax, but of course it is alleged that the sale price agreed upon was a fixed sum. If ultimately this tansaction enhanced respondent's liability to the state government as a retailer it is no concern of appellant. It is not alleged to have contracted to pay that sum. It is alleged appellant agreed to pay a certain price 'for that which it bought and it is further alleged that it has paid that price. The contract, therefore, was by that performance completely discharged and this suit cannot be said to be based upon the contract. It is, therefore, quite immaterial, so far as venue is concerned, that a contract was made and was to be performed in Tehama County. For the same reasons it must be said that the action is not one upon an obligation or liability to pay a tax arising in Tehama County, for no such obligation or liability arose by reason of the occurrences referred to in the complaint and of course it likewise follows that the suit is not upon the breach of such obligation, since there must be an obligation before there can be a breach thereof.

Respondent argues that "If there is any obligation on the part of defendant to pay a sales tax, that obligation is the result of a transaction which took place in Tehama County and as a direct result of a contract entered into in Tehama County. If there is such an obligation, then suit may be brought in Tehama County." We can concede the validity of the foregoing state-

ments, but respondent is not advantaged thereby. As we have said, the obligation referred to never existed.

We conclude that this action, brought against a corporation with its principal place of business in a county other than that in which the action was begun, is not upon a contract made or to be performed or upon an obligation or liability arising or for a breach occurring in Tehama County and therefore that the trial court should have granted the appellant's motion to change the place of trial to the county wherein is located the principal place of business of the corporation.

█ We are aware that the effect of what we have said is that respondent has stated no cause of action against the appellant, and for all that now appears upon the face of the complaint which he filed, he cannot state a cause of action against it. Nevertheless, the sole question before this court is whether or not the motion for change of place of trial should have been granted and what we have said is for the purpose of answering that question only. We answer it from the record as now made up. It is not for this court to sustain a demurrer or order a dismissal. That function, including permission to amend if amendment can be made, is to be performed by the court in which the further proceedings in the cause occur. (*Abbott* v. *People's Nat. Fire Ins. Co.*, 132 Cal.App. 357, 359 [22 P.2d 544].)

The order appealed from is reversed and the trial court is directed to make and enter an order changing the place of trial of this action to the Superior Court in and for the County of Napa.

Adams, P. J., and Peek, J., concurred.