[Civ. No. 7991. Third Dist. May 9, 1952.]

PACIFIC COAST ENGINEERING COMPANY, Appellant,
v. STATE OF CALIFORNIA, Respondent.

David D. Oliphant, Jr., for Appellant.

Edmund G. Brown, Attorney General, Ernest P. Goodman and James E. Sabine, Deputy Attorneys General, for Respondent.

VAN DYKE, J.—The plaintiff has appealed from the judgment entered upon the sustaining of a general demurrer to plaintiff's first amended complaint. The controversy involves the rights of a seller of personal property to collect sales tax from the buyer.

Appellant is engaged in the manufacture and sale of barges, scows and similar equipment. The State of California, acting through the Board of State Harbor Commissioners for San Francisco Harbor, advertised for bids for the construction of two steel dump scows according to plans and specifications adopted by the board. The specifications provided: ''Each bidder *shall state a price* for which he will furnish all materials, labor and equipment and construct and deliver to the Board two 300 cubic Yard Capacity Welded Steel Dump Scows, in accordance with the Plans and Specifications.'' (Italics ours.) Appellant was the successful bidder. The bid submitted on a bid form provided by the board stated: ''The undersigned hereby proposes and agrees to construct the work described in annexed advertisement, according to the plans and specifications on file in your office, . . . and will accept in consideration thereof, *and as full compensation therefor,* the sum of Sixty Four Thousand Eight Hundred and Fifty Dollars for each dump scow.'' (Italics ours.) The parties entered into a formal contract based upon the call for bids and the bid submitted. This contract provided, among other things: ''This contract and all work and labor done and performed thereunder and payments made thereunder and transactions of whatsoever kind and nature done under and pursuant thereto or arising therefrom, are subject to the laws of the State of California, in such case made and provided and applicable thereto.''

Appellant completed the two scows in accordance with the contract and performed extra work in the sum of $7,150. In the final bill submitted to the respondent appellant entered a $2\frac{1}{2}$ per cent sales tax item amounting to $3,421.25. Respondent refused to pay this item and the present action was instituted after appellant's claim for the amount in question was refused in the course of administrative proceedings duly taken. The complaint alleged that the published call for bids, the bids submitted and the contract entered into between the parties after acceptance of appellant's bid were all silent on the subject of sales tax.

The question is thus presented whether the buyer is liable to

the seller for the amount of sales tax, although no provisions for the tax were made in the contract of sale. It is appellant's contention that such liability exists under the provisions of the Sales and Use Tax Law (Rev. & Tax. Code, §§ 6001-7176). It is argued that under section 6011 providing that " 'Sales price' means the total amount for which tangible personal property is sold," the words "sales price" exclude the sales tax and therefore a quoted contract price actually means the price exclusive of sales tax, and that the contract should be construed as binding the buyer to pay the tax to the seller in addition to the stated price. Appellant also relies on sections 6052 and 6053 of the act. Section 6052 provides: "The tax hereby imposed shall be collected by the retailer from the consumer in so far as it can be done." Section 6053 provides: "It is unlawful for any retailer to advertise or hold out or state to the public or to any customer, directly or indirectly, that the tax or any part thereof will be assumed or absorbed by the retailer or that it will not be added to the selling price of the property sold or that if added it or any part thereof will be refunded. Any person violating any provision of this section is guilty of a misdemeanor."

Appellant contends that by the correct construction of the Sales and Use Tax Law the amount of the tax is not included in the sales price and that when the board asked bidders to "state a price" for which the subject property would be delivered it meant the price exclusive of the sales tax.

We do not agree with appellant's contentions. It is well established—indeed, appellant concedes—that the tax is imposed on the retailer and not the consumer. It is true that under section 6052 the retailer is permitted to "pass on" the tax to the consumer, but this section does not charge the retailer with a mandatory duty to collect the amount of the tax. The rights of the retailer under this section are optional and may be waived. In *Roth Drug, Inc.* v. *Johnson*, 13 Cal.App.2d 720, 736 [57 P.2d 1022], the section was interpreted as follows: "The act is not unconstitutional because section 8½ thereof [now § 6052] authorizes the retailer to collect the tax 'from the consumer *in so far as the same can be done.*' This act does not impose the tax on the consumer. The last-mentioned section merely authorizes the retail merchant to reimburse himself from the consumer in so far as it may be consistently done. He is not required to do so. He may waive that right. Section 8 of the act merely

declares that it shall be unlawful for the retailer to *advertise* that he will assume and pay the tax or that he will not add it to the price of his merchandise upon sale thereof. In considering the entire act we are impelled to hold it is merely optional with the retail merchant as to whether he will reimburse himself from his customers for the tax he is compelled to pay." (See, also, *Ainsworth* v. *Bryant*, 34 Cal.2d 465, 474 [211 P.2d 564].) Section 6053 does not require, as appellant suggests, that a retailer add the sales tax as an additional charge to the selling price. (*Roth Drug, Inc.,* v. *Johnson, supra.*) The purpose of this section is to place retailers on an equal basis since it is deemed "unfair competition for the strong to absorb the tax and build up his trade at the expense of the weaker dealer who could not absorb it." (*De Aryan* v. *Akers*, 12 Cal.2d 781, 787 [87 P.2d 695].)

The remaining question is when the retailer must exercise his right of reimbursement. Since the tax is levied upon the retailer and his right of reimbursement is optional and may be waived by him, it follows, we think, that reimbursement of the amount of the tax rests upon the contractual arrangements of the parties. The buyer-consumer has no obligation in reference to the tax. As to him the "selling price" is the amount he must pay to obtain the goods whether or not the sales tax forms a part of the selling price. If the retailer is to "pass on" the tax to the buyer-consumer the tax must form a part of the total price which the buyer pays or agrees to pay. When, therefore, the parties have contracted as to the price, the buyer is bound to pay that price and no more. And even though the contract is silent as to whether that price includes or excludes a sales tax, the law will not by implication add to the burden of the buyer the amount of the tax as to which, the contract being silent, he is not bound.

The provisions of the act are not in conflict with the foregoing construction. Section 6011 does not provide, as is contended, that the sales price is exclusive of the sales tax. And although section 6012, defining gross receipts, provides that "*For the purposes of the sales tax,* if the retailers establish to the satisfaction of the board that the sales tax has been added to the total amount of the sale price and has not been absorbed by them, the total amount of the sale price shall be deemed to be the amount received exclusive of the tax imposed" (italics ours), yet such language was designed

to prevent taxing the amount collected from the consumer for tax payments and does not define sales price as between retailers and buyers.

Our conclusion that the right of the retailer to "pass on" or reimburse himself for the amount of the tax is based upon the terms of the contract of sale is sustained by other cases which have considered this aspect of the act. In *National Ice etc. Co.* v. *Pacific Fruit Express Co.*, 11 Cal.2d 283, 292 [79 P.2d 380], the court indicated the tax could be "passed on" to the purchaser with his consent either expressly or impliedly given. In *De Aryan* v. *Akers, supra,* the court states at page 786: "It must be conceded that the purchase price ultimately is necessarily the source from which payment of the tax must be made. The consumer still has the right to purchase or not at the asked price which includes the tax. Any quibbling between the parties, in an attempt to differentiate between the purchase price and the tax by reason of the separate statement of the amount intended as tax reimbursement, will not alter the fact that within the purview of the legislative enactment the aggregate of the list price and the amount of tax reimbursement constitutes the actual purchase price of the commodity." (See, also, *Clary* v. *Basalt Rock Co.*, 99 Cal.App.2d 458 [222 P.2d 24].)

Appellant argues that the provisions of the sales tax law were a part of the contract between the parties, both by reason of legal rules and also by the express terms of the contract. Herein they note the provisions of the act as hereinbefore set out and the provisions of the contract that it and all work and labor done under it and all transactions done pursuant to it are subject to the laws of the state. Appellant says: "The contract between the parties will be read and construed in every respect as if it recited the language of applicable statutes. Therefore, the contract between the seller and the buyer should be read as if at some place it stated in substance the following: It is understood between the parties that the retailer is required to pay a sales tax of 2½ per cent upon the sales price of the scows hereinabove referred to. It is further understood that said sales tax shall be collected by the retailer from the consumer. It is further understood that the retailer must not directly or indirectly advertise or hold out or state to the Board that said sales tax or any part thereof will be assumed by the retailer, or absorbed by the retailer, or that it will not be added to the selling price of

the property sold. Putting it another way, it is the same as if the contract said in so many words: The sales tax will be added to the contract price.''

The conclusions we have stated herein are based not only upon the literal wording of the statute, but also upon the constructions placed thereon by the courts in decisions which have become a part of the law. Consequently, the contract made between the parties to this action must be interpreted not only in accordance with the literal wording of the statute law, but in accordance also with the judicial construction of that statute law, and as so interpreted we think that the complaint herein did not state a cause of action.

The judgment appealed from is affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 3, 1952. Schauer, J., was of the opinion that the petition should be granted.