[Civ. No. 20996. Second Dist., Div. Three. Oct. 13, 1955.]

LIVINGSTON ROCK AND GRAVEL COMPANY, INC. (a Corporation), Appellant, v. FRANK T. DE SALVO, SR., et al., Respondents.

Denio, Hart, Taubman & Simpson and Roger W. Young for Appellant.

Matranga & Abrams and Martin L. Abrams for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment declaring that it is its obligation to pay defendants the amount of a sales tax assessed and levied against and paid by defendants.

On October 2, 1951, defendants, as lessors, and plaintiff, as lessee, entered into a written lease of a concrete batch plant and related equipment for a term of 36 months with rental of $447.23 a month. The instrument contained this provision:

"PURCHASE OPTION: At any time after 36 months from date, if all rental payments then matured shall have been met by Lessee promptly when due and Lessee be not then in default hereunder, Lessee shall have the option to purchase said equipment for the additional sum of $2500.00 upon giving written notice not less than 30 days prior to, and paying any then unpaid portion of said additional sum upon, expiration of the original term hereof[.] "

On October 9, 1951, by letter agreement, plaintiff and defendants modified the terms of the option by providing that the $2,500 should be paid within one year rather than three years and for payment of an additional $1,000. On October 1, 1952, plaintiff exercised the option, paid defendants $3,500, and received the equipment.

About March 15, 1954, defendants paid the State of California $627.76 as a sales tax assessed and levied against them. The $3,500 paid by plaintiff to defendants for the equipment was utilized as the measure of the tax.

A controversy developed between plaintiff and defendants. Defendants maintained plaintiff was liable to them for the tax under the terms of the lease; plaintiff, that it was not. Plaintiff brought the action to settle the dispute.

The court found that pursuant to the lease the tax was the obligation of plaintiff and that by reason of plaintiff's refusal to pay the amount of it to defendants, plaintiff had breached the lease and was in default. Judgment followed accordingly, together with a decree that plaintiff pay defendants' attorney's fees.

The question involves a construction of the lease. The trial court construed it without the aid of extrinsic evidence. A reviewing court is not bound by a trial court's con-

struction of a document based solely on the terms of the written instrument without the aid of extrinsic evidence. (*Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825] ; *Estate of Moody,* 118 Cal.App.2d 300, 305 [257 P.2d 709].) ▮ The construction of the lease presents a question of law. (*Union Nat. Bank* v. *Hunter,* 93 Cal.App.2d 669, 673 [209 P.2d 621] ; *Oberg* v. *City of Los Angeles,* 132 Cal.App.2d 151, 153 [281 P.2d 591].)

The only pertinent provision of the lease is this :

"Taxes : Lessee shall comply with and conform to all laws and regulations relating to the ownership, possession, use or maintenance of the equipment, and save Lessor harmless against actual or asserted violations, and pay all costs and expenses of every character occasioned by or arising out of such use, and pay promptly when due all taxes and other public charges against or upon the equipment."

▮ A sales tax is an excise and privilege tax levied on a retailer for the privilege of selling tangible personal property. Section 6051 of the Revenue and Taxation Code says :

"For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at [a fixed percentage] of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in this State...."

▮ An excise tax is imposed upon the right to exercise a privilege. (*Ingels* v. *Riley,* 5 Cal.2d 154, 159 [53 P.2d 939, 103 A.L.R. 1].) ▮ A privilege tax is not a property tax. (*Id.; Anders* v. *State Board of Equalization,* 82 Cal. App.2d 88, 93 [185 P.2d 883].) ▮ The law imposes the fixed rate of the tax on gross receipts and not on the individual sale of tangible personal property. (*Western L. Co.* v. *State Board of Equalization,* 11 Cal.2d 156, 163 [78 P.2d 731, 117 A.L.R. 838].) It is not a tax on the sale or because of the sale but is an excise tax for the privilege of conducting a retail business measured by the gross receipts from sales. (*Id.,* 164, 166-167.)

▮ It has uniformly and consistently been held that the sales tax is laid solely on the retailer and not on the consumer. The tax relationship is between the retailer only and the state ; and is a direct obligation of the former. (*Western L. Co.* v. *State Board of Equalization, supra,* 11 Cal.2d 283, 289-290; *DeAryan* v. *Akers,* 12 Cal.2d 781, 783 [87 P.2d 695] ; *Clary* v. *Basalt Rock Co.,* 99 Cal.App.2d 458 [222 P.2d 24] ; *Pacific Coast Eng. Co.* v. *State of California,* 111 Cal.

App.2d 31, 34 [244 P.2d 21] ; *General Elec. Co.* v. *State Board of Equalization,* 111 Cal.App.2d 180, 185 [244 P.2d 427].)

■ A retailer may "pass on" the tax to a buyer with the latter's consent thereto either expressly or impliedly given. Section 6052 of the Revenue and Taxation Code provides:

"The tax hereby imposed shall be collected by the retailer from the consumer in so far as it can be done." In the absence of either the express or implied consent of the buyer that he will assume the burden of paying the tax, he is under no legal liability to do so.

*Pacific Coast Eng. Co.* v. *State of California, supra,* 111 Cal.App.2d 31, involved the right of a seller of personal property to collect sales taxes from the buyer. The plaintiff sold dump scows to the state under a written contract which specified the price of each scow but was silent on the subject of sales tax. The state refused to pay the tax added by the plaintiff to the contract price, and the plaintiff sued. The court held (p. 33) :

"The question is thus presented whether the buyer is liable to the seller for the amount of sales tax, although no provisions for the tax were made in the contract of sale. . . .

"[P. 34.] It is well established—indeed, appellant concedes—that the tax is imposed on the retailer and not the consumer. ■ It is true that under section 6052 the retailer is permitted to 'pass on' the tax to the consumer, but this section does not charge the retailer with a mandatory duty to collect the amount of the tax. The rights of the retailer under this section are optional and may be waived. In *Roth Drug, Inc.* v. *Johnson,* 13 Cal.App.2d 720, 736 [57 P.2d 1022], the section was interpreted as follows: 'The act is not unconstitutional because section 8½ thereof [now § 6052] authorizes the retailer to collect the tax "from the consumer *in so far as the same can be done.*" This act does not impose the tax on the consumer. The last-mentioned section merely authorizes the retail merchant to reimburse himself from the consumer in so far as it may be consistently done. He is not required to do so. He may waive that right. Section 8 of the act merely declares that it shall be unlawful for the retailer to *advertise* that he will assume and pay the tax or that he will not add it to the price of his merchandise upon sale thereof. In considering the entire act we are impelled to hold it is merely optional with the retail merchant as to whether he will reimburse himself from his customers

for the tax he is compelled to pay.' (See also *Ainsworth* v. *Bryant,* 34 Cal.2d 465, 474 [211 P.2d 564].) ▮ Section 6053 does not require, as appellant suggests, that a retailer add the sales tax as an additional charge to the selling price. (*Roth Drug, Inc.* v. *Johnson, supra.*) The purpose of this section is to place retailers on an equal basis since it is deemed 'unfair competition for the strong to absorb the tax and build up his trade at the expense of the weaker dealer who could not absorb it.' (*De Aryan* v. *Akers,* 12 Cal.2d 781, 787 [87 P.2d 695].)

''The remaining question is when the retailer must exercise his right of reimbursement. ▮ Since the tax is levied upon the retailer and his right of reimbursement is optional and may be waived by him, it follows, we think, that reimbursement of the amount of the tax rests upon the contractual arrangements of the parties. ▮ The buyer-consumer has no obligation in reference to the tax. As to him the 'selling price' is the amount he must pay to obtain the goods whether or not the sales tax forms a part of the selling price. If the retailer is to 'pass on' the tax to the buyer-consumer the tax must form a part of the total price which the buyer pays or agrees to pay. *When, therefore, the parties have contracted as to the price, the buyer is bound to pay that price and no more.* [Italics added.] ▮ And even though the contract is silent as to whether that price includes or excludes a sales tax, the law will not by implication add to the burden of the buyer the amount of the tax as to which, the contract being silent, he is not bound.

''The provisions of the act are not in conflict with the foregoing construction. ▮ Section 6011 does not provide, as is contended, that the sales price is exclusive of the sales tax. ▮ And although section 6012, defining gross receipts, provides that '*For the purposes of the sales tax,* if the retailers establish to the satisfaction of the board that the sales tax has been added to the total amount of the sale price and has not been absorbed by them, the total amount of the sale price shall be deemed to be the amount received exclusive of the tax imposed' (italics ours), yet such language was designed to prevent taxing the amount collected from the consumer for tax payments and does not define sales price as between retailers and buyers.

''Our conclusion that the right of the retailer to 'pass on' or reimburse himself for the amount of the tax is based upon the terms of the contract of sale is sustained by other cases

which have considered this aspect of the act. [Citing *National Ice etc. Co.* v. *Pacific Fruit Exp. Co.*, 11 Cal.2d 283, 292 (79 P.2d 380), *De Aryan* v. *Akers*, 12 Cal.2d 781, 786 (87 P.2d 695), and *Clary* v. *Basalt Rock Co.*, 99 Cal.App.2d 458 (222 P.2d 24).]''

In *Clary* v. *Basalt Rock Co.*, 99 Cal.App.2d 458 [222 P.2d 24], the court said (p. 461):

''We think that when a retailer and a consumer have agreed upon a price, saying nothing of a sales tax, no implied obligation arises on the consumer's part to pay a tax in addition thereto. The question of what, if any, addition for taxes shall be a part of the sale price is a matter to be agreed upon when the whole price is fixed. When that price is fixed and the consumer agrees to pay it 'to get the goods' the retailer can no longer have any demand upon him because he may not in fact have passed to the consumer the resultant sales tax. . . .

''If ultimately this transaction enhances respondent's liability to the state government as a retailer it is no concern of appellant. It is not alleged to have contracted to pay that sum. It is alleged appellant agreed to pay a certain price for that which it bought and it is further alleged that it has paid that price. The contract, therefore, was by that performance completely discharged and this suit cannot be said to be based upon the contract.''

Applying the foregoing principles to the case at bar it is manifest that plaintiff is not obligated to pay the sales tax and that the court erred in so declaring. Defendants were retailers. (Rev. & Tax. Code, § 6015.) On making the sale they, and they only, were liable to the state for the tax. The obligation was theirs, not plaintiff's. They could have passed the tax on to plaintiff by so providing in the lease but they did not do so. Plaintiff did not agree to pay the tax. It did not do so in the purchase option provision, which was the only part of the contract fixing the terms of sale of the equipment.

The provision that the lessee, plaintiff, shall ''pay all costs and expenses of every character occasioned by or arising out of such use, and pay promptly when due all taxes and other public charges against or upon the equipment'' is not a term of the option; it is a term of the lease. It occurs between a paragraph requiring the lessee to keep the property insured and one declaring that all the equipment shall remain the property of the lessor exclusively. The option is the last paragraph of the instrument; it follows the agreements which constitute the lease. The costs and expenses mentioned

are those occasioned by or arising out of the use of the leased property by the lessee, as lessee, during the term of the lease. Taxes against and upon the equipment are personal property taxes, not excise taxes imposed on defendants for the privilege of selling tangible personal property. Plaintiff clearly and explicitly agreed to pay personal property taxes on the equipment during the term of the lease, nothing more. It did not agree to pay a privilege tax assessed against defendants on the sale of the equipment any more than it agreed to pay an income tax assessed against defendants, or a license tax, or a gross receipts tax.

*Third & Broadway Bldg. Co.* v. *Southern Calif. Edison Co.*, 132 Cal.App. 186 [22 P.2d 574], is in point. The court said (p. 190):

"The lease provides in paragraph 15 that the lessor shall pay any taxes or assessments heretofore or hereafter levied or assessed against the demised premises or against the interest of the owner or owners thereof, which may be levied against the lessor by reason of any state or federal income, inheritance or personal tax or other tax of like nature. It is apparent from this language that the taxes which it was intended the lessor should pay were the *ad valorem* taxes assessed by the city and county against the building and equipment. The said taxes were taxes assessed against the entire building and equipment and not merely against that portion occupied by appellant as a public utility. The lease provided that the lessor should pay any taxes assessed and levied upon the building and equipment that are assessed against the lessor. Under these circumstances, to say that respondents should pay the utility tax imposed upon appellant by the state would be to inject into said lease an obligation upon the lessor for which no provision is made."

The canon of construction which teaches that the function of a court in construing a written instrument is to ascertain—neither to add nor to subtract, neither to delete nor to distort—applies. No more need be said than that to vary the terms of the instrument so as to make it mean what defendants contend and the trial court held it means would be to make a contract the parties did not enter into. That the courts cannot do. Defendants did not pass the sales tax on to plaintiff and plaintiff did not expressly or impliedly consent thereto and is not liable therefor.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.