36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ORANGE COUNTY SANITATION, Plaintiff/Appellant/Cross-Appellee,
v.
COOPER INDUSTRIES, INC., dba C-B Reciprocating, Energy
Services Group, Defendant/Appellee/Cross-Appellant.
 Nos. 93-55010, 93-55166.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided Sept. 2, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 County Sanitation Districts of Orange County, California (the "County") purchased eight internal combustion engines from Cooper Industries ("Cooper") pursuant to a written contract (the "Contract"). The County initially paid Cooper the sales tax arising from this purchase (the "Sales Tax") but later sought a refund because it believed that the Contract did not obligate it to pay the Sales Tax.
 
 
 3
 When Cooper refused to return the money, the County brought the instant diversity action, which is governed by California law. The parties filed cross motions for summary judgment. The district court granted summary judgment for Cooper and denied the County's motion. The County timely appealed, and Cooper filed a timely cross-appeal challenging a factual finding made by the district court.
 
 
 4
 The County asserts that the district court wrongly concluded that it was presumed to have agreed to pay the Sales Tax to Cooper. It adds that the Contract does not expressly allocate the Sales Tax burden to either party.
 
 
 5
 California law provides that, "[f]or the privilege of selling tangible personal property at retail[,] a tax is hereby imposed upon all retailers...." Cal.Rev. & Tax.Code Sec. 6051. "It has uniformly and consistently been held that the sales tax is laid solely on the retailer and not on the consumer. The tax relationship is between the retailer only and the state; and is a direct obligation of the former." Livingston Rock & Gravel Co., Inc. v. De Salvo, 288 P.2d 317, 319 (Cal.App.1955). Consequently, Cooper--the retailer--is the party that ultimately must pay over the Sales Tax to the state.
 
 
 6
 However, a retailer is free to collect a sales tax from a buyer as part of the purchase price if the parties' sales contract permits this. Cal.Code Civ.Proc. Sec. 1656.1(a). "It shall be presumed that the parties agreed to the addition of sales tax reimbursement to the sales price of tangible personal property ... [if] [t]he retailer ... includes ... in an advertisement or other printed material directed to purchasers, a notice to the effect that reimbursement for sales tax will be added to the sales price...." Id. at Sec. 1656.1(a)(3) (underscore added). This presumption is rebuttable. Id. at 1656.1(d).
 
 
 7
 The district court held that the County was obligated to pay the Sales Tax by virtue of section 1656.1(a)(3). Cooper's initial sales proposal, which was the basis of the County's purchase, notified the County that it would be responsible for the Sales Tax. Since the sales proposal was "other printed material directed to [a] purchaser[ ]," a presumption arises under section 1656.1 that the County agreed to pay the tax as part of the sales price.
 
 
 8
 The County raises several arguments to avoid this presumption. First, it contends that Cooper cannot rely upon the sales proposal to invoke section 1656.1 because the parol evidence rule bars admission of the proposal as extrinsic evidence. We reject the argument. Extrinsic evidence is admissible despite the parol evidence rule where it is offered to rebut a presumption implied by law. Masterson v. Sine, 436 P.2d 561, 565-66 (Cal.1968).
 
 
 9
 Second, the County asserts that section 1656.1 does not apply to the Contract because it applies only to small consumer transactions. This interpretation is inconsistent with the text of the statute, which does not limit its scope to small consumer sales. Cal.Civil Code Sec. 1656.1(a). Further, the legislative history offered by the County is little help in interpreting the statute. Although the legislative notes applicable to section 1656.1 observe that most small oral contracts omit reference to sales tax, id. (accompanying notes), the County offers no explanation why the legislature would have drafted section 1656.1 to assist in the interpretation of only these contracts and not others. We thus decline to restrict the scope of the statute in the manner suggested by the County.
 
 
 10
 Finally, the County argues that the Contract's merger clause rebuts any presumption that the County agreed to pay the Sales Tax. The Contract's integration clause states that the Contract is a "complete and exclusive" statement of the terms of the parties' agreement that supersedes "all prior and contemporary offers, promises, representations, negotiations, discussions and communications." Since there is no provision allocating the Sales Tax to the County, the County asserts that the merger clause rebuts any presumption that the County "agreed" to pay the tax.
 
 
 11
 The district court rejected this argument, holding that a merger clause does not bar additional terms implied by law. We agree. As observed by one scholar:
 
 
 12
 Although the parol evidence rule can exclude extrinsic evidence to prove agreements made prior to or contemporaneously with a writing to which the parties have assented, authorities agree that the parol evidence rule does not exclude obligations imposed by law. Even though the court's implication of a term has the effect of adding to the parties' obligations under a written contract, the parol evidence rule is not an objection. Otherwise all applicable rules of law would have to be spelled out in the writing or risk exclusion by the rule.
 
 
 13
 Hadjiyannakis, "The Parol Evidence Rule and Implied Terms: The Sounds of Silence," 54 Ford.L.Rev. 35, 64 (1985). The Contract's merger clause does not overcome section 1656.1(a)'s presumption that the County agreed to pay the Sales Tax.
 
 AFFIRMED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we hold that there is an implied presumption that the County agreed to pay the Sales Tax, we need not reach Cooper's argument that the district court erred in finding that the Contract did not expressly allocate the Sales Tax to the County