James MARCUM, Commissioner of Revenue, et al., Appellants,

v.

KENTUCKY ENTERPRISE FEDERAL SAVINGS & LOAN ASSOCIATION OF NEWPORT, etc., Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1962.

Robert Rieckhoff, Dept. of Revenue, William S. Riley, Dept. of Revenue, Frankfort, for appellants.

Louis Cox, John Hopkins, Frankfort, Fred B. Bassman, Joseph Schoepf, Newport, for appellee.

PALMORE, Judge.

The question in this case is whether the annual tax of one dollar for each one thousand dollars paid in on the capital stock

of a domestic building and loan association, KRS 136.290–300, is a tax imposed upon the corporation or a tax imposed upon its members. It is the same problem faced by the United States Supreme Court in Society for Savings in City of Cleveland v. Bowers, 1955, 349 U.S. 143, 75 S.Ct. 607, 99 L.Ed. 950, to which we refer for a statement of the principles applicable here.

It is our opinion that the judgment of the trial court, holding that the tax is on the corporation alone, was correct. The provision of KRS 136.300(2) entitling the corporation to reimburse itself out of dividends, if it so elects, satisfies one of the tests of a tax against the ownership interests of the members but of course is not itself dispositive, nor is the fact that under various other statutory sections cited by the Department the ability of the corporation to cast the ultimate burden of the tax upon the members seems assured. Regardless of the relationship between the corporation and its members, we find nothing to indicate any liability for the tax on the part of the individual members, as would exist if the corporation were merely a collecting agent.

Much weight is ascribed to the circumstance that since the individual members are not required to list their shares, KRS 136.300(1), clearly the tax in question is in lieu of a direct levy against the members, from which it is argued that if the corporation should "elect" not to pay under KRS 136.290–300 the members are liable under KRS 136.020–030. In the first place, however, KRS 136.290–300 do not admit of any alternatives, nor suggest the possibility of election. In view of the specific and mandatory coverage of KRS 136.-290–300, KRS 136.030(1) appears to have no application whatever to domestic building and loan associations. And secondly, if there were indeed an alternative tax, in the sense that if the corporate tax were not paid an individual tax would apply, still it would be a different tax, and not the same one.

In the Society for Savings case, supra, the Supreme Court found that a tax imposed by the State of Ohio was on the corporation rather than on the depositors. Ohio then amended its statutes to apply specifically to the "ownership interest of the depositors," making the institution a collection agency, and this was held to create a satisfactory cleavage. Second Federal Savings & Loan Ass'n v. Bowers, 1958, 168 Ohio St. 65, 151 N.E.2d 223. Our statute places the tax expressly on the capital stock of the corporation. KRS 136.290(2). That the difference in practical impact may be chimerical was recognized by the Supreme Court itself in the Society for Savings case, but in the absence of such a distinction the taxing authority would have no argument at all, since federal obligations would be beyond reach in either event.

Judgment affirmed.