**KENNEDY BOOK STORE, INC.,**
Appellant,

v.

**DEPT. OF REVENUE, etc., et al.,**
Appellees.

Court of Appeals of Kentucky.

Feb. 6, 1970.

Rehearing Denied March 20, 1970.

William E. Scent, Reed, Scent & Reed, Paducah, Clay Shackelford, Shackelford, Burnam & Thompson, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., William S. Riley, Asst. Atty. Gen., Dept. of Revenue, Larry A. Carver, Dept. of Revenue, Frankfort, for appellees.

DAVIS, Commissioner.

The appellant challenges a judgment upholding an order of the Kentucky Board of Tax Appeals which sustained a deficiency sales-tax assessment against it in the amount of $21,600.82 for the period of January 1, 1963, through November 30, 1964. It will be necessary to relate some of the factual background before discussing the specific questions raised on the appeal.

The appellant (Kennedy) operates a bookstore adjacent to the campus of the University of Kentucky at Lexington. The University of Kentucky (UK) operates a bookstore on its campus. Each of these stores derives more than three-fourths of its total retail receipts from sales of required textbooks and other essential educational items to students and faculty members of UK. Only about five percent or less of the total retail receipts of either store results from sales to the general public, as distinguished from the students and faculty of UK. Both stores have operated profitably and have offered merchandise at competitive and substantially identical prices. Neither store has collected sales tax from its customers on any of its retail sales, but each of them has absorbed and paid the sales tax computed on the gross sales of noneducational items such as clothing, phonographs, and the like.

Kennedy asserts that two questions are at issue:

(1) "Has the Department violated Section 2 of the Kentucky Constitution and the Equal Protection Clause of the U. S. Constitution in refusing to grant administrative relief to Kennedy?"

(2) "Is Kennedy entitled to be relieved of sales tax on its receipts from sales of essential educational items by reason of the Department's failure to enforce SU 12–1 against institutional bookstores?"

Kennedy points out that its operations are essentially the same as UK's as respects identity of patrons, type of business, and receipts. It correctly observes that the sales tax provided by KRS Chapter 139 is levied on the vendor, whereas the use tax imposed by the same chapter falls upon the vendee. Marcum v. City of Louisville, Ky., 374 S.W.2d 865.

Kennedy then refers to various regulations promulgated by the Department, only one of which is directly involved in the present case. By virtue of Regulations SU 90, SU 12–1, SU 38, and SU 14–1, the Department has undertaken to afford exemptions from the incidence of the sales tax in varying circumstances. In summary, SU 90 purports to relieve retailers of sales-tax liability as to receipts from sales to charitable and educational institutions in certain situations. SU 12–1 prescribes sales-tax immunity as to the gross receipts from sales by an institution of education, with specified limitations. SU 12–1 contains as an "example" of an exempt activity by an institution of education: "School book and supply stores which are managed and operated by and as a part of the school and are not open to the public." Even such an operation is not exempted as to receipts from sales of merchandise "outside of the educational function."

SU 38 tersely notes that sales to and by the state, its agencies and instrumentalities, and its political subdivisions must be included in the taxable gross receipts of the seller, whereas SU 14–1 provides for exclusion of a vendor's receipts arising from sales to religious institutions.

Kennedy contends that the obvious purpose of the regulations is to afford protection to Kentucky retailers from the competitive disadvantages which would result from a vendor-type sales tax without the regulations. The difficulty, from Kennedy's point of view, is that no regulatory relief has been extended to it, even though it has to compete with UK to which administrative relief has been afforded. Moreover, says Kennedy, UK's bookstore operation does not earn any sales-tax exemption by virtue of SU 12–1 because UK does sell at least five percent of its merchandise to the general public.

The thrust of Kennedy's argument appears to be: Since the Department, by the various regulations discussed, has undertaken to effect tax relief for some tax-payers, when adversely affected because of competition involving "exempt" vendors and "exempt" vendees, its failure to provide such relief for Kennedy is arbitrary within the contravention of Kentucky Constitution Section 2 and violative of the equal-protection clause of the Fourteenth Amendment of the United States Constitution. In taking this approach Kennedy *assumes,* as does the Department, that UK is an exempt vendor because of Section 170 of the Kentucky Constitution. Although we need not and do not resolve that question, we note that Kennedy's assumption that UK is an exempt vendor by virtue of Section 170 of the Kentucky Constitution relieves us of the necessity of exploring that matter in this case.

Kennedy contends that the precepts of City of Ashland v. Heck's Inc., Ky., 407 S.W.2d 421, and Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220, impel the conclusion that the Department has discriminated against it by reason of its disparate administration of the sales-tax regulations. We are not so persuaded.

■ If UK is entitled to exemption by virtue of Section 170 of the Kentucky Constitution (which Kennedy seems to concede), then Kennedy has no ground for complaint, because it is obvious that the constitution extends no exemption to Kennedy. We cannot characterize the Department's exemption of UK, based on the Department's belief as expressed in its brief (and assumed by Kennedy) that UK is exempted by Section 170 of the Kentucky Constitution, as arbitrary or as resulting in a proscribed discrimination.

■ Neither is there any basis for deeming arbitrary the Department's administration of SU 12–1 because of UK's sales of five percent to the general public. In the first place, there was no showing that the Department had knowledge of UK's sales to the general public; hence, its actions respecting the regulation could hardly be deemed "deliberate" or "willful."

The relatively small amount of sales to the general public is "de minimis" and does not sustain a claimed course of arbitrary action, or nonaction, by the Department. Obviously, if UK is an exempt vendor, the Department may not require it to pay any sales tax on any of its sales. We express no opinion as to the validity of any of the Department's regulations to which we have adverted.

We have not discussed and do not decide the Department's claim that the issue at bar has been foreclosed by a previous administrative ruling.

The judgment is affirmed.

All concur.