COMMONWEALTH of Kentucky by and on relation of John McD. ROSS, Commissioner of Revenue, Appellant,

v.

LEE'S FORD DOCK, INC. and the Kentucky Board of Tax Appeals, Appellees.

Supreme Court of Kentucky.

May 20, 1977.

William S. Riley, Asst. Atty. Gen., William P. Sturm, Atty., Legal Staff, Dept. of Revenue, Frankfort, for appellant.

John G. Prather, Somerset, for appellee Lee's Ford Dock, Inc.

PALMORE, Justice.

The question here is whether sales or use taxes are collectible on gasoline sold for the operation of motor boats. The Kentucky Board of Tax Appeals and the Franklin Circuit Court held that they are not. This court concurs.

KRS 138.220 levies an excise tax (now 9% per gallon) on all gasoline received in this state. It is to be paid by the dealer, who of course includes it in his price to the consumer. Section 230 of the Kentucky Constitution requires that all "money derived from excise or license taxation relating to gasoline and other motor fuels" be devoted exclusively to certain enumerated purposes, which include "statutory refunds and adjustments."

KRS 138.341 authorizes a 95% refund of the gasoline tax to the purchaser of gasoline used to operate aircraft. KRS 138.344 authorizes a 90% refund to the purchaser of gasoline used in the operation of tractors or stationary engines for agricultural purposes. These refunds are applied for and collected by the consumer.

KRS 138.445 authorizes a 90% refund of the gasoline tax to any person who buys and uses gasoline for the operation of motor boats. Pursuant to Regulation MB–2 of the Department of Revenue this refund is collected by the retail gasoline dealer, who in turn is required to reflect it in his price to the consumer.

Sales and use taxes are covered by KRS Ch. 139. They are levied at the rate of 5% of the sales price of the goods or services sold or used (KRS 139.200, 139.310) and are required to be collected by the retail seller and remitted to the state (KRS 139.210, 139.340). The retailer's accountability is measured at 5% of his "gross receipts." KRS 139.200, 139.260.

KRS 139.050 sets forth a detailed definition of "gross receipts," which excludes the following:

"Sales of gasoline and special fuels subjected to tax under KRS Chapter 138." KRS 139.050(3)(e).

As distinguished from the sales tax, the "use tax" imposed by KRS 139.310 appears mainly to be a dragnet to catch transactions that have escaped the sales tax, as in the instance of untaxed purchases in or from other states. Cf. annotations, 129 A.L.R. 223, 153 A.L.R. 609. KRS 139.330 makes the purchaser directly accountable to the state, but KRS 139.340 provides that if the sale is made by a retailer in this state he must collect the tax.

This brings us to KRS 139.500, which provides as follows:

"(1) The storage, use or other consumption in this state of property, the gross receipts from the sale of which are required to be in the measure of the tax levied under KRS 139.200 is not subject to the use tax.

"(2) The storage, use, or other consumption in this state of gasoline or special fuels on which the tax under KRS Chapter 138 has been paid *and which is not subject to refund under KRS 138.341, 138.344, 279.200, or 279.530* shall not be subject to the use tax." (Emphasis added.)

It will be noted that KRS 138.445, which authorizes a 90% refund of the tax paid on gasoline bought or used for the operation of motor boats, is not included among the refund statutes enumerated in KRS 139.-500(2). That is the principal basis for the contention, thus far upheld in this case, that gasoline sold as fuel for motor boats is not subject to the use tax. The revenue department, however, takes the position that gasoline sold for the operation of aircraft, farm tractors, and motor boats alike is essentially free of gasoline taxes under KRS Ch. 138, and that except for the percentage difference between the amount of gasoline tax paid and the amount refunded (which difference it attributes to the administrative expense of processing the refunds), it is subject to the use tax.

We do not doubt that the tax treatment of gasoline sold for non-highway use, whether it be for aircraft, farm tractors, or motor boats, ought to be the same. Often, however, and this is particularly so with respect to statutory law, there is a demonstrable difference between what ought to be and what is. The sales and use tax law, of which KRS 139.500 is a part,[1] carried an emergency clause and became effective upon approval of the Governor on February 5, 1960. What is now KRS 138.445, providing a 90% refund of taxes paid on gasoline sold as fuel for motor boats, was introduced as Senate Bill 157 on February 15, 1960,[2] and became law without the Governor's sig-

nature on March 31, 1960. This time sequence explains why KRS 138.445 was not included among the refund statutes enumerated in KRS 139.500(2), but there is no explanation of why the omission has not been rectified at some time during the many sessions of the General Assembly that have been held since 1960. We can assume only that for reasons beyond the scope of our inquiry the legislature has not seen fit to do it, and what the revenue department is attempting here is simply to do what the legislature has failed to do. That cannot be permitted.

It is suggested in the brief for the revenue department that if it had chosen to construe "the motorboat gasoline situation as a use tax situation, there is no question that use tax would be assessable," as if to say that whether a tax is a sales tax or a use tax depends on how the department wishes to construe it. It must disabuse itself of such notions. The character and incidence of taxes are legislative matters. Sales taxes are taxes on the seller. Use taxes are taxes on the consumer. *Marcum v. City of Louisville Municipal Housing Com'n*, Ky., 374 S.W.2d 865 (1964). That the economic burden of both falls on the consumer does not obscure the difference. *Id.*, at 374 S.W.2d 868. By parity of reasoning, neither does it make any difference from which party the state chooses to collect. The applicability of a tax is not a matter of administrative manipulation.

When the property on which the tax is focussed is sold in this state it seems pointless to reach it through the use tax rather than the sales tax. Yet that appears to be exactly what the statutes do with regard to gasoline sold as aircraft or tractor fuel. KRS 139.050(3)(e) exempts from the definition of gross receipts, which otherwise are subject to the sales tax, all gasoline taxed under KRS Chapter 138. KRS 139.-500(2) then makes it clear that neither does the use tax apply to such gasoline that "is not subject to refund under KRS 138.341,

1. Ch. 5, Art. I, § 48, Acts of 1960.

2. Ch. 214, Acts of 1960.

138.344," etc. Surely this was an oblique method of drawing these specified categories of gasoline, through listing them as exceptions from an exemption, into the embrace of the use tax. That being the way it was done, however, unless and until gasoline for motor boats is added to the list of exceptions by legislative act the familiar maxim "inclusio unius est exclusio alterius" never had a better fit.

We cannot accede to the revenue department's argument that a refundable tax under KRS Chapter 138 is not really a tax at all. By its very language, for all its shortcomings, KRS 139.500(2) specifically recognizes that it is. Our conclusion is that the revenue department is right in principle but, unfortunately, that this particular law is wrong in principle, and we are not at liberty to blink the law.

The judgment is affirmed.

All concur.