John Y. BROWN and Eleanor D. Brown, Appellants,

v.

DEPARTMENT OF REVENUE of the Commonwealth of Kentucky, by and on relation of Maurice P. CARPENTER, Commissioner of Revenue, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1977.

Thomas A. Brown, Greenbaum, Doll, Mathews & Boone, Louisville, for appellants.

Thomas A. Duke, Legal Staff, Dept. of Revenue, Frankfort, for appellee.

Before PARK, WHITE and WINTER-SHEIMER, JJ.

PARK, Judge.

This appeal presents a single issue: whether a shareholder's pro rata share of the net operating loss of a subchapter S corporation may be deducted in determining the shareholder's 1970 Kentucky income tax liability. The Kentucky Board of Tax Appeals and the Franklin Circuit Court both upheld the ruling of the Department of Revenue that no part of a corporation's net operating loss could be deducted by a shareholder for Kentucky income tax purposes. We agree.

The facts are stipulated. During the year 1970, the appellant, John Y. Brown, was a shareholder of Athletic Enterprises, Inc., a corporation which had elected and qualified as a small business corporation (subchapter S corporation) under sections 1371–1375 of the Internal Revenue Code of 1954 as amended. For its taxable year ending May 31, 1970, Athletic Enterprises, Inc., sustained a net operating loss in the amount of $375,961.00. Based upon his stock ownership, Brown's pro rata share of the corporation's net operating loss amounted to $70,361.00 when computed in accordance with provisions of section 1374(c) of the Internal Revenue Code.

Brown and his wife timely filed a combined 1970 Kentucky Income Tax Return. On April 9, 1974, Brown and his wife timely filed an amended Kentucky Income Tax Return for the taxable year 1970 showing a "loss" in the amount of $70,361.00 attributable to Brown's stock ownership in Athletic Enterprises, Inc. Brown claimed a refund of Kentucky income taxes in the amount of $4,220.00. From a final ruling of the Department of Revenue issued June 30, 1975, Brown appealed to the Kentucky Board of Tax Appeals. On June 4, 1976, the board affirmed the department's ruling denying the claim for refund. A further appeal was prosecuted to the Franklin Circuit Court. On February 21, 1977, the circuit court entered a judgment affirming the order of the Kentucky Board of Tax Appeals.

Brown relies upon the provisions of subsections (9), (10) and (11) of KRS 141.010 as they were in effect in 1970. Under subsection (9), "gross income" of Kentucky individual taxpayers meant "gross income" as defined in section 61 of the Internal Revenue Code with certain adjustments.[1] Under subsection (10), "adjusted gross income" meant gross income as defined in subsection (9) "minus the deductions allowed individuals by section 62 of the internal revenue code" with certain adjustments and exceptions.[2] With respect to individual taxpay-

---

1. KRS 141.010(9) provided in part:

 "Gross income" in the case of taxpayers other than corporation means "gross income" as defined in section 61 of the internal revenue code and adjusted as follows:

 . . . . .

 (c) Exclude undistributed income attributed to shareholders of a corporation which has elected to be taxed under subchapter S of chapter 1 of the internal revenue code;

2. KRS 141.010(10) provided:

 "Adjusted gross income" in the case of taxpayers other than corporations means gross income as defined in subsection (9) of this section minus the deductions allowed individuals by section 62 of the internal reve-

ers not electing to take the standard deduction, subsection (11) provided that "net income" means adjusted gross income as defined in subsection (10) "minus all the deductions allowed individuals by chapter 1 of the Internal Revenue Code" with certain exceptions and adjustments.[3]

Under section 1374(b) of the Internal Revenue Code, each shareholder of an "electing" subchapter S corporation is allowed as a deduction from gross income an amount equal to his pro rata share of the corporation's net operating loss. Under subsection (d)(1), this deduction is considered as a deduction attributable to "a trade or business carried on by the taxpayer."[4] Under section 62(1) of the Internal Revenue Code, adjusted gross income is determined by subtracting trade and business deductions from gross income.[5] Brown contends that he is entitled to deduct his pro rata share of the net operating loss of Athletic Enterprises, Inc., when the provisions of sections 62(1) and 1374 of the Internal Revenue Code are considered in conjunction with subsections (9), (10) and (11) of KRS 141.010.

Brown recognizes, that for Kentucky income tax purposes, subparagraph (c) of KRS 141.010(9) excluded from the definition of gross income undistributed taxable income of a subchapter S corporation taxable to shareholders under section 1373 of the Internal Revenue Code. Brown argues that net operating losses of a subchapter S corporation are not a part of undistributed taxable income of such corporations. Hence, it is argued that the deductability of the shareholder's pro rata share of net operating loss is not affected by the exclusion of undistributed income of a subchapter S corporation from the definition of gross income. Brown also points out that KRS 141.010(9) has been amended to exclude both "undistributed income" and "any losses" attributed to shareholders of a subchapter S corporation. 1974 Ky.Acts ch. 163, § 2. Brown claims that the legislature would not have enacted the 1974 amendment if a shareholder's pro rata share of a small business corporation's net operating loss had not previously been deductible. Brown cites *Eversole v. Eversole,* 169 Ky. 793, 185 S.W. 487, 489 (1916). The Department of Revenue counters this rule of statutory construction with the claim that the

nue code and adjusted as follows, except that deductions shall be limited to amounts allocable to income subject to taxation under the provisions of this chapter, and except that nothing in this chapter shall be construed to permit the same item to be deducted more than once:

(a) Include all overpayments of federal income tax refunded or credited to the taxpayer during the taxable year;

(b) Deduct federal income tax;

3. KRS 141.010(11) provided in part:

"Net income" in the case of taxpayers other than corporations means adjusted gross income as defined in subsection (10) of this section minus the standard deduction allowed by KRS 141.081, or, at the option of the taxpayer, minus all the deductions allowed individuals by chapter 1 of the internal revenue code except those listed below, except that deductions shall be limited to amounts allocable to income subject to taxation under the provisions of this chapter and that nothing in this chapter shall be construed to permit the same item to be deducted more than once:

4. I.R.C. § 1374 (26 U.S.C. § 1374) provides in part:

(a) General rule.—A net operating loss of an electing small business corporation for any taxable year shall be allowed as a deduction from gross income of the shareholders of such corporation in the manner and to the extent set forth in this section.

(d) Application with other provisions.—

(1) In general.—The deduction allowed by subsection (b) shall, for purposes of this chapter, be considered as a deduction attributable to a trade or business carried on by the shareholder.

5. I.R.C. § 62 (26 U.S.C. § 62) provides in part:

For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions:

(1) Trade and business deductions.—The deductions allowed by this chapter (other than by part VII of this subchapter) which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee.

1974 amendment was intended to clarify, rather than change, the law. The Department cites 1A Sutherland, *Statutes and Statutory Construction* § 27.03 (4th Sands Ed., 1972).

Brown also cites KRS 141.050(1) for the rule that computations of gross income and deductions for Kentucky purposes shall be as nearly identical as practicable to those required for federal income tax purposes.[6] The Department of Revenue answers by stating that federal laws on computations must be applied only if not inconsistent with state laws and regulations. *Koehler v. Commonwealth ex rel. Luckett*, Ky., 432 S.W.2d 397, 398 (1968).

The Department relies on administrative interpretation of the statutes, but Brown asserts that the incidence of a tax is determined by the legislature rather than the Department, citing *Commonwealth ex rel. Ross v. Lee's Ford Dock*, Ky., 551 S.W.2d 236, 238 (1977).

■ This case cannot be decided solely on the basis of the rules of construction cited by the parties. When questions of statutory construction are presented, opposing rules of construction can be found on almost every point. K. Llewellyn, *The Common Law Tradition—Deciding Appeals* 371–75, 521–35 (1960). The statutes involved here must not be considered in isolation but as a part of the larger body of income tax law. In that way, the court can construe the statutes in light of the policy and purpose behind the law.

■ Subchapter S of chapter 1 of the Internal Revenue Code was enacted to provide shareholders of small business corporations with a means of avoiding double taxation. In the absence of an election under subchapter S, income would be taxed at the corporate level and then a second time when distribution was made to the shareholders. The keystone of subchapter S is section 1372 of the Internal Revenue Code.[7] Under subsection (a), a subchapter S corporation may elect not to be subject to the income tax imposed by chapter 1 of the Internal Revenue Code. If an election is made, subsection (b) provides that there are two consequences. First, the corporation is not subject to federal income tax other than the capital gains tax imposed by section 1378. Second, sections 1373, 1374, and 1375 become applicable to the shareholders of the corporation. The provisions of subchapter S are interrelated and interdependent. Subchapter S contains provisions respecting taxation of undistributed income to taxpayers (I.R.C. § 1373), taxation of distributions as dividends (I.R.C. § 1376), and the computation of accumulated earnings and profits of the corporation (I.R.C. § 1377), as well as the deduction of net operating losses by the shareholders (I.R.C. § 1374). All of these provisions are based upon the ability of the corporation to elect under section 1372 not to be subject to federal income taxation.

6. KRS 141.050(1) provides:

Except to the extent required by differences between this chapter and its application and the federal income tax law and its application, the administrative and judicial interpretations of the federal income tax law, computations of gross income and deductions therefrom, accounting methods, and accounting procedures, for purposes of this chapter shall be as nearly as practicable identical with those required for federal income tax purposes.

7. I.R.C. § 1372 provides in part:

(a) Eligibility.—Except as provided in subsection (f), any small business corporation may elect, in accordance with the provisions of this section, not to be subject to the taxes imposed by this chapter

. . . . .

(b) Effect.—If a small business corporation makes an election under subsection (a), then—

(1) with respect to the taxable years of the corporation for which such election is in effect, such corporation shall not be subject to the taxes imposed by this chapter (other than the tax imposed by section 1378) and, with respect to such taxable years and all succeeding taxable years, the provisions of section 1377 shall apply to such corporation, and

(2) with respect to the taxable years of a shareholder of such corporation in which or with which the taxable years of the corporation for which such election is in effect end, the provisions of sections 1373, 1374, and 1375 shall apply to such shareholder, and with respect to such taxable years and all succeeding taxable years, the provisions of section 1376 shall apply to such shareholder.

■ In the Kentucky income tax law, there is no provision comparable to section 1372 of the Internal Revenue Code. KRS 141.040 provides that every corporation shall pay a tax to be computed upon the corporation's taxable net income.[8] Brown recognizes that there is no exception to KRS 141.040 for subchapter S corporations such as Athletic Enterprises, Inc. If, as Brown suggests, the provisions of the Internal Revenue Code are to be read into the Kentucky income tax law, it is clear that a shareholder's right to deduct a portion of the corporation's net operating loss is dependent upon the corporation's ability to elect not to be subject to Kentucky income tax. Because a small business corporation cannot so elect, it follows that the other provisions of subchapter S of chapter 1 of the Internal Revenue Code relating to the corporation's shareholders have no applicability under Kentucky law.

Kentucky has not adopted section 1372 of the Internal Revenue Code. Consequently, the other portions of subchapter S cannot be brought into the Kentucky income tax law piecemeal without regard to the remaining legislation of which it is an integral part. Under the provisions of KRS 141.040, there can be no such thing as an "electing" small business corporation. Therefore, none of the provisions of subchapter S of chapter 1 of the Internal Revenue Code is applicable to the individual Kentucky income tax liability of a subchapter S corporation shareholder.

The judgment of the circuit court is affirmed.

All concur.

8. KRS 141.040 provides in part:
Every corporation organized under the laws of this state, every corporation having its commercial domicile as defined in KRS 141.120(1)(b) in this state, and every foreign corporation owning or leasing property located in this state or having one or more individuals receiving compensation as defined in KRS 141.120(8)(b) in this state, except state and national banks and trust companies, savings and loan associations organized under the laws of this state and under the laws of the United States and making loans to mem-

bers only, banks for cooperatives, production credit associations, insurance companies, including farmers' or other mutual hail, cyclone, windstorm or fire insurance companies, insurers and reciprocal underwriters, those corporations exempted by section 501 of the International Revenue Code, and any other religious, educational, charitable or like corporations not organized or conducted for pecuniary profit, shall pay for each taxable year a tax to be computed by the taxpayer upon the taxable net income of the corporation.