## ITT FLUID PRODUCTS CORPORA-TION, f/d/b/a ITT Grinnell Corporation, Appellant,

v.

## CRANE COMPANY, Appellee.

### No. 90–CA–60–S.

Court of Appeals of Kentucky.

June 15, 1990.

Case Ordered Published by
Court of Appeals Aug. 3, 1990.

James R. Odell, Jr., James David Lyon, Lexington, for appellant.

Michael C. Lemke, Meyer, Jewell & Lemke, Louisville, for appellee.

1. "For the privilege of making "retail sales" or "sales at retail," a tax is hereby imposed upon

Before HAYES, McDONALD and MILLER, JJ.

McDONALD, Judge.

The question on appeal is whether the vendor/retailer may recoup the payment of a sales tax from the vendee/consumer after the contract has been performed.

ITT Fluid Products Corporation f/d/b/a Grinnell Corporation (ITT) sold to Crane Company (Crane) machinery and equipment by contract dated August 12, 1985. Provision for the payment of sales tax pursuant to KRS 139.200 [1] was not addressed by the contract. Subsequently, ITT was adjudged by the Kentucky Revenue Cabinet to be liable for payment of $31,300 in sales tax. ITT paid the tax.

Subsequent to the cabinet's ruling and three years after the contract, ITT filed suit against Crane to collect the sales tax it paid pursuant to KRS 139.210, which provides: "The taxes herein imposed may be collected by the retailer from the consumer." The circuit court dismissed ITT's complaint summarily, which brings the issue before us.

ITT argues that the vendee/consumer bears the economic burden of the sales tax, citing *Marcum v. City of Louisville Municipal Housing Com'n*, Ky., 374 S.W.2d 865, 866 (1963), and that while some states limit the vendor's right to collect the tax to the time of the transaction, Kentucky's statutes do not do so.

The contract, as negotiated and executed, was silent as to payment of the sales tax by either party, and because the vendee/consumer bears the economic burden of the tax by statute, Crane should be liable. Because there are no Kentucky case authorities on point, we are guided solely by the statutory authority of KRS 139.210 which explicitly gives the vendor/retailer the right to collect the tax.

While we do not reject the arguments of ITT outright, its reasoning stops short of a more logical conclusion. Crane's argument

all retailers. . . ."

points out that KRS 139.200 imposes the sales tax upon the vendor/retailer for the privilege of doing business in the Commonwealth, and under KRS 139.210 the tax may be collected from the vendee/consumer. The *Marcum* opinion explains:

It was the obvious intent of the legislature to place the legal incidence and economic burden of the use tax on the consumer. It is just as apparent the legislature intended to place the legal incidence of the sales tax on the retailer, even though the economic burden might be passed on to the consumer.

Additionally, 103 Kentucky Administrative Regulations (KAR) 25:080 § 1 adds weight to Crane's argument where it states, "Under KRS 139.210 every retailer making retail sales of tangible personal property within this state is *permitted*, but is not required, to collect the sales tax from the consumer." (Emphasis added.)

We are convinced that *Marcum* tells us that ITT, as the vendor/retailer, is the taxpayer and is liable to the Commonwealth for the sales tax. Now the question becomes, When may ITT, under KRS 139.210, collect the tax from the vendee/consumer where the contract is silent concerning such tax?

In our opinion the sales tax may not be collected from the vendee/consumer after the performance of the contract under circumstances where the contract is silent as to liability. This opinion does no real violence to KRS 139.210 and it complies with the principles of contract implied in law and quasi or constructive contracts. As between ITT and Crane, there were no words or conduct which implied that either would pay the tax. Therefore, for public policy reasons, we believe the vendor/retailer, as the taxpayer, is always liable to the Commonwealth for the payment of the tax, although the tax may be passed on and collected from the vendee/consumer. But it is implied by law that the provision for collection of the taxes be provided for at the time of the transaction.

We reason that a vendor/retailer is in a better position to control the circumstances. Considerable mischief may happen if a vendor/retailer is silent in a contract negotiation and then, after the terms are fixed and the contract performed, be permitted to collect a sales tax from the vendee/consumer, a sum beyond that which was bargained for.

The judgment of the Caldwell Circuit Court is affirmed.

All concur.